ALEXANDER GORDON v. MARGARET S. SIBLEY.

*Certiorari—Circuit court may order further return on its own motion— Affidavit of amount due on open account, how made evidence—Return must show service of copy of affidavit, with process —Objections, when must be made.*

1. The circuit court has power, on its own motion and against the protests of plaintiff in error, to order a further return by the justice to a writ of certiorari, where it deems the original return insufficient upon any error alleged.

2. The affidavit authorized by sec. 7525, How. Stat., like any other testimony, must be introduced in evidence to become operative, the statute making no provision for its being filed with the justice.

3. Until thus introduced, a defendant is not called upon to object to its sufficiency or regularity, or to the return of service, but if he has appeared and is present when the affidavit is introduced, and is silent, he waives all such objections.

4. A return which fails to show service of a copy of said affidavit, with the process by which the suit was commenced, if objected to, is insufficient to authorize the introduction of the original affidavit in evidence. To be effectual as prima facie evidence the statute must be complied with, and the record must show such compliance, or competent proof must be made thereof.

Error to Muskegon. (Russell, J.)    Argued January 6, 1886.    Decided January 20, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Kelley & Parker*, for plaintiff in error.

*Delano & Bunker*, for defendant in error.

CHAMPLIN, J.    Plaintiff commenced suit, by summons, before a justice of the peace, against defendant. The summons was personally served on the defendant on the thirteenth day of September, 1884. On the same day the same officers served upon the defendant an affidavit and copy of

account, by giving to her personally a true copy thereof. His return indorsed upon the affidavit is as follows:

"*State of Michigan, County of Muskegon—ss.:* I hereby certify that I have personally served the within affidavit, and copy of account attached thereto, on Margaret S. Sibley, within named, by giving her a true copy thereof, on this thirteenth day of September, 1884. in said county.
"ROBERT E. OBERT, *Deputy Sheriff.*"

The affidavit and account were filed with the justice on the seventeenth of September, which was the return-day of the summons. The parties appeared before the justice, and the plaintiff declared orally in assumpsit for goods, wares, and merchandise sold and delivered by the plaintiff to the defendant, at the defendant's request, during the year 1883, and claimed damages, $100. The defendant pleaded the general issue, and the cause was adjourned from time to time, and finally the case was by the parties submitted to the justice for decision, without the introduction of any evidence; the attorney for plaintiff simply calling the attention of the justice to How. St. § 7525. The justice thereupon rendered judgment for the defendant. The plaintiff's counsel carried the case to the circuit court by writ of certiorari, alleging that the justice erroneously rejected the affidavit, and copy of account annexed thereto, and offered by the plaintiff, and filed with the justice, and in rendering judgment against the plaintiff, because there was no evidence of any kind contradicting the *prima facie* case made by the plaintiff by the affidavit and copy of account annexed thereto. When the case reached the circuit court, the circuit judge, of his own motion, and against the plaintiff's protest, ordered the justice to make a further return to the following questions: "*First.* Was the account constituting the plaintiff's demand, and the affidavit attached thereto, introduced in and received in evidence by the said plaintiff? *Second.* Was said account and affidavit considered in evidence by the respective attorneys upon the argument of said cause before you, said justice?" The justice made a further return, answering both questions in the negative.

The circuit court thereupon affirmed the judgment. Plaintiff brings error, and alleges — *first*, that the court erred in not deciding the cause upon the first return of the justice, and in ordering a further return.

There was no error in this. The court issued the writ requiring the justice to make return of the proceedings had before him, and, if his return was deemed to be insufficient upon any error alleged, it had the power to direct a further return. The first return merely stated the fact "that the attorneys of plaintiff called the attention of this court to How. Stat. § 7525." It did not affirmatively show that the affidavit and account were offered in evidence, and consequently the plaintiff could not have recovered upon the face of that return. The statute referred to enacts:

"That in all actions brought in any of the courts of this State to recover the amount due on an open account, or upon an account stated, if the plaintiff, or some one in his behalf, shall make an affidavit of the amount due, as near as he can estimate the same, over and above all legal set-off, and annex thereto a copy of said account, and cause a copy of said affidavit and account to be served upon the defendant, with a copy of the declaration filed in the cause, or with the process by which the action is commenced, such affidavit shall be deemed *prima facie* evidence of such indebtedness, unless the defendant, with his plea, shall, by himself or agent, make an affidavit denying the same."

The statute makes no provision for filing the affidavit with the justice. It merely makes such affidavit *prima facie* evidence; but, like other evidence, it must be introduced in evidence. Until this is done, the defendant is not obliged to make any objections thereto, and waives nothing by his silence. Had it been offered in evidence, and no objection made, the sufficiency and regularity of the affidavit would have been waived: *Locke v. Farley*, 41 Mich. 405; as well as all objections to the return of service, in all cases where the defendant has appeared, and is present in court when such affidavit is introduced. Had the affidavit in this case been offered in evidence, the defendant might have objected that the return did not show that it was served with the

process. There is no presumption that, because it was served the same day, it was served at the same time. To be effectual as *prima facie* evidence, the statute must be complied with, and the record must show the fact, or competent proof made thereof. The return in this case did not show that the affidavit was served with the process, and hence the affidavit was not *prima facie* evidence of the fact stated therein.

The ruling of the circuit judge was correct, and the judgment must be affirmed, with costs.

The other Justices concurred.