## Alfred Weaver v. George Lammon.

*Justice's judgment—Entry of on docket controls, and cannot be contradicted as to time of rendition in return to certiorari—No jurisdiction to render after statutory four days—Certiorari—Justice's return will be taken as true as to matters not required to be entered on docket—Docket entries the best evidence of facts required to be so entered.*

1. Where the docket of a justice of the peace showed that a suit was tried before him on *December 10*, and that he took until *December 15* to render his decision, under How. Stat. § 6945, on which day judgment was rendered against the defendant, who sued out a *certiorari* to the circuit court, and the justice returned that judgment was really rendered on *December 13*, and by *mistake* entered on the docket as of *December 15*,—

   *Held.* that the docket entry must control, and cannot be contradicted by the return. *Mudge v. Yaples,* 58 Mich. 310.

2. A justice has no jurisdiction to render a judgment in a case after the expiration of *four* days from its submission to him for final decision. How. Stat. § 6945.[2]

---

[1] See *Smith v. Brennan,* 62 Mich. 349, which case is in harmony with this case, and also settles other interesting questions intimately connected with the doctrine above laid down.

[2] How. Stat. § 6945.—"In cases where a plaintiff shall be nonsuited, discontinue or withdraw his action, and where a judgment shall be confessed, and in all cases where a verdict shall be rendered, or the defendant shall be in custody at the time of hearing the cause, the justice shall forthwith render judgment, and enter the same in his docket; in all other cases he shall render judgment, and enter the same in his docket, within four days after the cause shall have been submitted to him for his final decision."

3. The return of a justice to a writ of *certiorari* must be taken as true as to facts and occurrences *not* required by the statute to be entered upon his *docket*, and as to such facts the docket entries are the *best* evidence, and must prevail over his retu n. *Galloway v. Corbitt*, 52 Mich. 460.

Error to Oceana. (Russell, J.) Argued July 1, 1886. Decided July 8, 1886.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion and head-notes.

*James Brassington* (*Nelson DeLong*, of counsel), for appellant:

A cause submitted to a justice may be decided at any time within four days, and the parties must take notice of the time when it is rendered: *Draper v. Tooker*, 16 Mich. 74; *Hemmens v. Bentley*, 32 Id. 89; *Hall v. Howard*, 39 Id. 219.

The justice's return must be taken as true: *Young v. Kelsey*, 46 Mich. 415; *Matthews v. Otsego County Supervisors*, 48 Id. 588; *Rawson v. McElvaine*, 49 Id. 194; *Galloway v. Corbitt*, 52 Id. 460.

*Gurney & Bickford*, for defendant:

After the announcement by the justice that he would take until December 15 to render judgment, and the departure of the parties, he could render judgment on no other day: *Draper v. Tooker*, 16 Mich. 76.

This announcement amounted to a continuance of the cause, and being beyond the statutory four days, the justice lost jurisdiction, and his judgment on the fifth day was void: *Brady v. Taber*, 29 Mich. 199.

How. Stat. § 7053, requires that the judgment rendered, and time of rendition, be entered on the docket. The justice cannot contradict these entries in his return to a *certiorari*: *Hickey v. Hinsdale*, 8 Mich. 272; *Mudge v. Yaples*, 58 Id. 310.

CHAMPLIN, J. Weaver brought an action of replevin before a justice of the peace against the defendant. The summons was personally served, but whether the property was seized upon the writ does not appear from the record before us. The suit was tried on the tenth of December, 1884, and

the justice's docket shows that he took until Monday, the fifteenth of December, to look over the testimony before giving a decision of the case.

The justice's docket shows that on Monday, the fifteenth of December, he rendered judgment in favor of the plaintiff, and against the defendant, who sued out a *certiorari* to the circuit court of Oceana county. In making return to this writ the justice certified that he rendered judgment on the thirteenth of December. An amended return was ordered requiring him to state specifically whether his docket showed that the cause was tried and submitted on the tenth of December, and the judgment rendered on Monday, the fifteenth of December. This order bears date the fourth of March, 1885.

On May 8, 1885, the justice makes return that the suit was tried and submitted on the tenth, and the same so appears upon his docket; and that it also appears from his docket that judgment was rendered on the fifteenth day of December, 1884; but in his return to the order he says that such entry in his docket is a mistake; that he did render his judgment on the thirteenth, and, by mistake, entered it as of the fifteenth, of December, 1884. Thereupon the circuit judge reversed the judgment of the justice, and gave judgment for the defendant, against the plaintiff and his surety, for costs.

The judgment as it appears entered in the docket must control.

The record of his judgment in his docket cannot be contradicted by his return to the writ : *Mudge v. Yaples*, 58 Mich. 310. The judgment of the circuit court is in accordance with our previous rulings. *Harrison v. Sager*, 27 Mich. 476 ; *Brady v. Taber*, 29 Id. 199; *Simonson v. Durfee*, 50 Id. 80.

In *Galloway v. Corbitt*, 52 Mich. 460, it was said that the justice's return to *certiorari* must be taken as true. But this must be confined, as it was in that case, to a return as to facts and occurrences not required by the statute to be entered upon his docket, and as to those facts the docket

entries are the best evidence, and must prevail over his return.[1]

The judgment must be affirmed.

The other Justices concurred.

- - -◆- - -

62 369
j153 151

---

[1] See *Gordon v. Sibley,* 59 Mich. 250, as to power of circuit court to order a further return on its own motion, and against the protests of plaintiff in error.