JOHN W. HUBBELL v. RHINESMITH & SIMONSON.

*Attachment—Service—Return—Jurisdiction of justice.*

The return by an officer to a writ of attachment issued *December 3*, and returnable *December 12*, which shows that he made no effort after *December 5* to secure personal service, but on that day left a copy of the writ and of the inventory with the person in whose possession he found the attached property, confers no jurisdiction upon the justice to proceed to judgment. *Withington v. Southworth*, 26 Mich. 382; *Brown v. Williams*, 39 Id. 756; *Town v. Tabor*, 34 Id. 262.

Error to Wexford. (Aldrich, J.) Argued January 23, 1891. Decided February 27, 1891.

Attachment suit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Isaac C. Wheeler,* for appellant.

*E. Eugene Haskins,* for defendants.

LONG, J. This cause was commenced in justice's court by writ of attachment, which was issued on December 3, 1887, returnable December 12 thereafter. The writ was placed in the hands of an officer, who made return as follows:

"By virtue of the within writ of attachment, I, Frank Willey, constable, on the 3d day of December, 1887, seized the goods and chattels of the defendants within named, which are mentioned in an inventory, of which the annexed is a copy; and I hereby certify that I have made diligent search and inquiry, and am unable to find the said Rhinesmith & Simonson in said county, and therefore, on the 5th day of December, 1887, because the said defendants could not be found, and because they had no last place of residence in the county, I left a copy of the within writ of attachment and of the said inventory,

duly certified by me, with Alex Smith, a person of suitable age and discretion, in whose possession I found said goods and chattels; and I certify that said defendants had no last place of residence in said county."

On the return-day of the writ, the defendants not appearing, the case was adjourned until January 16, 1888, when defendants appeared specially by attorney, and moved to quash the writ. This motion was denied by the justice, and the cause proceeded to judgment in favor of the plaintiff for $41.84, and costs. On special appeal to the circuit court for Wexford county the judgment of the justice's court was set aside. Plaintiff brings the case to this Court by writ of error.

The claim is made that the return of the officer conferred no jurisdiction upon the justice to proceed to judgment; that the leaving of the copy of the writ with the party in possession of the attached property on December 5 was one day too soon. This was the view taken by the circuit judge, and for that reason the judgment of the justice was set aside. In this the circuit court was not in error. The officer had at least all day of December 6 to make personal service on the defendants. The case falls within the rulings of this Court in *Withington v. Southworth*, 26 Mich. 382; *Brown v. Williams*, 39 Id. 756; *Town v. Tabor*, 34 Id. 262. It appears from the return that the officer did nothing after December 5, and made no effort after that date to find the defendants within the county.

The judgment must be affirmed, with costs.

The other Justices concurred.