HENRY T. TOLIVER v. CHARLES R. BROWNELL.

*Justices' courts—Docket entry—Jurisdiction—Return to certiorari.*

The docket entry of a justice of the peace of the date when a judgment was rendered cannot be changed by his return to a writ of *certiorari,* so as to show that he was out of the State on the day named, and that the judgment was actually rendered the day previous, when he was within his jurisdiction, and erroneously entered on his docket as of the following date; citing *Weaver v. Lammon,* 62 Mich. 366.[1]

*Certiorari* to review a justice's judgment. Argued January 11, 1893. Judgment reversed and proceedings quashed February 10, 1893. The facts are stated in the opinion.

[1] See *King v. Bates,* 80 Mich. 367.

*Robert Young*, for defendant, and petitioner in *certiorari*.

*George X. M. Collier*, for plaintiff, and respondent in *certiorari*.

GRANT, J.    Plaintiff brought suit in justice's court against the defendant.    The suit was tried upon June 17, and judgment reserved. .   Subsequently the justice rendered judgment, which appears upon his docket of date June 21.    In his return to the writ the justice says that he was absent, in Chicago, the entire of June 21; that said judgment was in fact rendered June 20, but was erroneously entered upon his docket as rendered the 21st.

Upon its face the judgment was valid.    This is a direct proceeding in the case to question the jurisdiction of the justice, and is a proper proceeding for that purpose.    The docket entry must control, and a justice of the peace cannot change his docket for the purpose of taking away or conferring jurisdiction.    *Weaver v. Lammon*, 62 Mich. 366.    The justice, in this case, could not have rendered judgment on the 21st, because he was beyond his jurisdiction.    Under the decision above cited, he cannot now be heard to say that his docket is erroneous, and that he rendered judgment on another day, when he was within his jurisdiction.

It follows that the judgment must be reversed, and the proceedings quashed.

The other Justices concurred.