AMOS A. KINNEY AND ALFRED L. MILLARD v. GEORGE FERGUSON.

*Trespass—Adverse possession—Abandonment of premises—Instructions to jury.*

1. Trespass to lands cannot be maintained against one actually in possession, although the plaintiff have the legal title, the remedy in such case being ejectment or case, depending upon the wrong to be redressed; citing *Safford v. Basto*, 4 Mich. 406; *Carpenter v. Smith*, 40 Id. 639; *Ruggles v. Sands*, 40 Id. 559; *Hecock v. Van Dusen*, 80 Id. 359.

2. Where, in an action of trespass to lands, each party offers proof tending to show ownership in fee, and the court instructs the jury that the plaintiffs must recover unless adverse possession by the defendant is proved, such instruction practically sustains plaintiffs' alleged title, and as effectually deprives the defendant of any benefit from his, leaving him to stand or fall upon the one question of possession; and, on plaintiffs' appeal, all questions arising upon the respective titles may be eliminated from the case.

3. Where, in an action of trespass to lands, the defendant claims, and introduces evidence tending to show, that the plaintiff abandoned possession of the lands, and that the party under

whom the defendant committed the acts complained of thereupon entered into possession, and retained it, and authorized the commission of such acts by the defendant, and the plaintiff maintains, and gives evidence tending to show, that he never abandoned the premises, and that the alleged possessory acts relied upon by defendant were mere trespasses, an instruction to the jury that the plaintiff would not lose possession by mere neglect to work or manage the place, and that an intention to surrender possession must be found from his acts and conduct, which must be such as to clearly prove an intention to abandon the land, is all that can be asked upon the question of abandonment; and the jury are further properly instructed that isolated acts of dominion by the defendant, and the party under whom he attempts to justify, would be trespasses, and would not constitute possession, which would involve continuity of dominion,—a taking and holding, which could alone be found from the character of the acts done and the surrounding circumstances.

4. Concise charges are not only commendable, but essential to a good understanding of the case by the jury, and it is a very proper practice for the trial court to extract from requests to charge (which are admirable reminders) such matters as should be explained to the jury, weaving them into a charge which, from its continuity and harmony, will be better understood than a succession of abstract propositions could be.

Error to Lenawee. (Peck, J., presiding.) Argued June 6, 1894. Decided June 16, 1894.

Trespass. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*A. L. Millard,* for appellants.

*D. B. Morgan,* for defendant.

HOOKER, J. The plaintiffs appeal from a verdict of not guilty in a case of trespass *quare clausum.* The case was certified from justice's court, upon plea of title, and each party offered proof tending to show ownership in fee. The evidence showed beyond dispute that the plaintiff Kinney was in possession at one time, and that one Hayward brought an action of ejectment against him and

others in 1884, and obtained judgment of ouster, and
entered and occupied until July, 1889.    A new trial was
obtained, whereupon Hayward discontinued the ejectment
case, and plaintiff Kinney took possession.    Each party
still claimed to own the land, and Hayward commenced
foreclosure proceedings against it.    Defendant claims that
Kinney thereupon abandoned the premises, after cutting
the grass then upon it, and that from that time he never
did anything upon the land to care for or use it.    On
May 27, 1890, a decree of foreclosure was granted; and
Hayward, having some tax titles, is said to have taken
possession, and maintained it since, and that later he
arranged with the defendant to cut the grass, which he
did, stacking it upon the premises, Hayward having
previously repaired the fences.    Plaintiffs maintain that
they never abandoned the premises, and that the acts of
Hayward in fixing the fence, and defendant in cutting
and stacking the hay, were mere trespasses.

The court instructed the jury that the plaintiffs must
recover, unless it was found that Hayward had taken and
had possession of the land at the time of the alleged
trespass.    This question was left to the jury, with the
following instruction:

"It is in dispute here whether or not he did take pos-
session of the premises, whether the acts which he per-
formed in connection with them amounted to a possession
of the premises, or were simply isolated acts, which con-
stituted merely trespasses.    Now, gentlemen, in order to
determine whether these acts and his conduct with refer-
ence to the land were sufficient to establish a possession of
it,—a complete taking and holding of possession of it,—
you should consider what the character of the acts done
by him was, and how and when they were done, and you
should consider what the evidence has shown as to the
kind of land this was, its character, location, situation,
the improvements which have been made upon it, the
uses which it could naturally and profitably be put to, and
all the surrounding circumstances and conditions under

which it is claimed Mr. Hayward took possession of it.
"Now, it was not necessary, in order for Mr. Kinney to retain possession of it, that he remain upon the land, or that he work it, or manage it or improve it in any particular way, or to do any specific thing to evidence his continued possession of it; and he should not be considered to have given it up unless his acts and conduct and statements with reference to it, at the time and under all the surrounding conditions and circumstances, clearly proved an intention on his part to abandon it.

"Now, the specific acts which are claimed to have been performed by Mr. Hayward, by himself or through Mr. Ferguson, would not of themselves, standing alone and separately, be sufficient to prove a taking of possession. The walking around, which has been testified to, to repair the fences, or the cutting of brush to put upon it, would not be sufficient to constitute a taking of possession of the land; nor would the cutting of the crop upon it, standing alone; nor would the depasturing of it by putting animals in it, standing alone. But I leave it for you to determine, gentlemen, whether all the acts and conduct of Mr. Hayward, and those who were in there under him, taken together, in connection with the character of the land, its general uses and purposes, what it might be naturally and profitably used for, and its location and situation,—whether, taking it all together, it has been proved that what was done by Mr. Hayward and those who were acting with him was sufficient to constitute taking possession of the land."

The court did not stop with this, but required the jury to find for the plaintiffs, unless it should be found, further, that the alleged possession of Hayward was acquiesced in by the plaintiffs. He proceeded as follows:

"Now, gentlemen, if the acts performed by Mr. Hayward and those who were assisting him were not sufficient to constitute a taking and holding of possession of the premises in question, then one of the elements of this claimed defense of acquiescence is wanting, and the defense should not be allowed to prevail. On the other hand, if it has been well proved that Mr. Hayward did take possession there, to the exclusion of Mr. Kinney, then you will consider whether or not it has also been shown that Mr. Kinney, after he had ascertained that Mr. Hayward had

so taken and was holding possession of the premises, acquiesced in that condition of affairs. Did he submit to it, and allow it to stand, without objection or protest, for an unreasonable length of time? Now, gentlemen, you have heard the evidence in that respect,—the situation of Mr. Kinney, where he lived, what his location was with reference to these premises, his age, and all the other circumstances connected with it,—and should determine, from all the evidence in the case bearing upon that subject, whether or not the fact that Mr. Hayward had taken possession of this 40 acres of land, to his exclusion, came to his knowledge, and, if it did come to his knowledge, whether or not he submitted to it for a length of time which was unreasonable, under all the circumstances, without complaint or protest. If he did, then that fact, taken in connection with the fact, if it is established, that Mr. Hayward had taken possession of the premises to his exclusion, would establish the defense of acquiescence as against the entry and trespass of the defendant in entering and cutting down the grass, although it might have been unlawful, and was in the first instance. If it has not been established, the defense of acquiescence, with the essential ingredients that I have charged you are necessary to constitute it, have not been established, either in the respect of Mr. Hayward's taking possession, or in the respect of Mr. Kinney's failing to protest and object to it within a reasonable time after it came to his knowledge, then it would follow that the plaintiffs would be entitled to your verdict. If that defense has been established, your verdict would be for the defendant."

It is well settled that trespass cannot be maintained against one actually in possession, although the plaintiff have the legal title,—the remedy in such case being ejectment or case, depending upon the wrong to be redressed,—for the reason that there can never be constructive possession in one while another is in actual adverse possession. *Ruggles v. Sands,* 40 Mich. 559; *Safford v. Basto,* 4 Id. 406; *Carpenter v. Smith,* 40 Id. 639; *Hecock v. Van Dusen,* 80 Id. 359. Inasmuch, therefore, as the court instructed the jury that the plaintiffs must recover unless defendant's adverse possession was proved, all questions arising upon

the respective titles may be eliminated. He practically sustained the plaintiffs' title by his instruction, and as effectually deprived the defendant of any benefit from his, leaving him to stand or fall upon the one question of possession. There is, therefore, no occasion to pass upon the various assignments of error relating to irregularities in the respective titles.

It remains to inquire:

*First.* Whether there was evidence which warranted the submission of the question of possession to the jury.

*Second.* Whether the instructions given were erroneous.

*Third.* Whether the omission of any of the requests to charge calls for a reversal.

We will pass the first of these questions with the remark that the record contains evidence tending to show that Hayward exercised dominion over the premises, and that Kinney did not; and that the court would not have been justified in stating to the jury that the evidence showed that Hayward was not in possession.

We can dispose of the second as summarily. The portions of the charge quoted seem to us to have carefully stated the true question. The jurors were not permitted to find possession from a single act of trespass. They were told that Kinney would not lose possession by mere neglect to work or manage the place, and that an intention to give it up must be found from his acts and conduct, which must be such as to "clearly prove an intention to abandon it." This was certainly all that could be asked upon the question of abandonment. The court also indicated that isolated acts of dominion by the defendant and Hayward would be trespasses, and that such would not constitute possession, which involved continuity of dominion,—a taking and holding, which could alone be found from the character of the acts done and the surrounding circumstances.

Counsel for the plaintiffs says in his brief:

"Every one of the 20 requests was, as we submit, correct in respect to the law, and proper to be given; and the plaintiffs were entitled to them, and the refusal as to each was error."

As counsel says, some of them state the law correctly, but it by no means follows that it was necessary to give them. The seventh and eighth requests, which alone are discussed specifically by counsel, were rendered unnecessary by the charge as given. The court as effectually told the jury that defendant's possession must be by open, exclusive, and continued acts of ownership as though the seventh had been given; and he was not called upon to give plaintiffs' illustrations of what would show possession, which were things which defendant did not do, and might have misled the jury. The eighth, in effect, would have directed a verdict for the plaintiffs, which, we have already said, the court should not have done. To have given the 20 requests to charge would have made the charge unnecessarily long. They fill two or three more pages of the record than the charge does. We think concise charges are not only commendable, but essential to a good understanding of the case by the jury, and that it is a very proper practice for the court to extract from requests (which are admirable reminders) such matters as should be explained to the jury, weaving them into a charge which, from its continuity and harmony, will be better understood than a succession of abstract propositions could be. We have examined the requests and the charge, and think that the court sufficiently covered the questions raised. If, as seems to be the case, the real controversy is the right to the possession of the premises involved, it is unfortunate that a different action had not been brought.

The judgment of the circuit court will be affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred. McGRATH, C. J., did not sit.