## MILLARD *v.* HAYWARD.[1]

1. ATTACHMENT—SUFFICIENCY OF RETURN—JURISDICTION.

    A sheriff's return to a circuit court writ of attachment, bearing date as of a day prior to the return day of the writ, and certifying to the seizure of property upon a previous day, and to the inability of the officer to find the defendant, is insufficient to confer jurisdiction, although not filed until the return day, since no presumption can arise in such case that the officer continued to search for the defendant beyond the date of his return. *Hitchcock* v. *Hahn,* 60 Mich. 459, distinguished.

---

[1] Rehearing denied January 14, 1896.

2. ADVERSE POSSESSION—EVIDENCE.

>An entry upon land by a plaintiff in ejectment, followed by a continuous occupancy for several years, is such an interruption of an adverse possession as to suspend the operation of the statute of limitations as against him, although, having misconceived his remedy, he subsequently discontinues his suit, and the defendant thereupon enters under a writ of restitution.

Error to Lenawee; Hosmer, J., presiding. Submitted October 23, 1895. Decided December 3, 1895.

Ejectment by Alfred L. Millard against Henry C. Hayward. From a judgment for defendant upon verdict directed by the court, plaintiff brings error. Affirmed.

*A. L. Millard*, in *pro. per. (Salsbury & O'Mealey*, of counsel), for appellant.

*Morgan & Priddy*, for appellee.

LONG, J. Action of ejectment. Defendant had verdict and judgment in the court below by direction of the court. Both parties trace title through Francis H. Strong. Plaintiff claims title (1) by virtue of a sheriff's deed obtained in an attachment proceeding by Amos A. Kinney against Francis H. Strong, and a deed of conveyance from Kinney to himself; (2) under tax deeds for the years 1875 to 1878. Defendant claims title under the foreclosure of a mortgage given by Francis H. Strong and wife to one Israel Hall, and assigned to defendant, and also under a tax deed for the year 1867.

We think it appears conclusively that the plaintiff's tax deeds, under which he claims, were absolutely void, and discussion of the claim under them will be limited to the inquiry of whether the plaintiff's grantor had such possession under them, or either of them, as to ripen into a title. The court below held that plaintiff could recover only upon the strength of his title, and that the tax deeds were void, and that he had established no title by virtue of the sheriff's deed, for the reason

that the attachment proceedings under which the judgment was taken were ineffectual to confer jurisdiction upon the court.

The attachment was issued January 12, 1878, and made returnable February 5, 1878. The writ was placed in the hands of the sheriff for service, and he made return thereon that he did, on January 12, 1878, attach the property in controversy here; that the same was appraised by two disinterested freeholders, whose appraisal was signed and returned with the writ; and, as a further return, stated:

"After diligent inquiry, I am unable to find Francis H. Strong, the defendant in said attachment named, in my bailiwick.

"Dated this 15th day of January, A. D. 1878.
                            "JAMES R. CAIRNS, Sheriff."

The attachment was thereafter filed in the clerk's office on February 5, 1878, being the return day of the writ.

Plaintiff insists that, where the return is not filed until the return day, the presumption is that the officer is searching and inquiring all the time up to and including the day of the return, though he has indorsed his return upon the writ at an earlier period; and cites *Hitchcock* v. *Hahn*, 60 Mich. 459. In that case there was but one date to the return. The return day in the writ was February 5, 1884. The sheriff's return states: "I have, on this 18th day of January, 1884, attached the following property," etc.,—and then concludes: "And I do further return that I am unable to find the defendants in said attachment named in the limits of my bailiwick. The answer of F. L. Follensbee, Sheriff."

It was said by this court in that case:

"The date at the commencement of the return refers to the time of seizure, and the further return has no reference to the first date, but takes effect from the filing, which was on the return day. This construction is the natural one, and has its support in the presumption that the officer has done his duty."

In the present case the return shows that the property was attached on January 12th, and the certificate that the officer was unable to find the defendant named in the writ is thereafter dated as of January 15th, three days after the writ was issued and the property attached, while the return day in the writ is February 5th. No presumption can arise that the sheriff searched for the defendant during the days up to February 5th, and the plain language is that he concluded his inquiry on January 15th, the day he dated his return. This was the view taken by the court below, and we think properly, though the writ was not returned into court until the return day. *Hubbell* v. *Rhinesmith,* 85 Mich. 30, and cases there cited.

Counsel for plaintiff contend that, though plaintiff may not have acquired title under the sheriff's deed, yet the court was in error in directing verdict in favor of defendant, for the reason that his immediate grantor, Amos A. Kinney, was in possession of the premises under his tax deeds a sufficient length of time to ripen into a legal title. It appears that, about the year 1873, Kinney leased the premises in controversy from Francis H. Strong for the term of five years. Kinney held possession under this lease during its full term. Strong at that time had left the country. In February, 1884, Hayward commenced ejectment proceedings against Kinney to obtain possession, and judgment was rendered in Hayward's favor in November, 1884. He immediately took possession, and retained it until the spring of 1889. In the meantime Kinney took a new trial under the statute. The case was tried three separate times, and judgment given each time in favor of Hayward. It was then discovered by Hayward, during the argument for a new trial, that the mortgage foreclosure was ineffectual by advertisement, as the mortgage contained no power of sale. Hayward thereupon discontinued his ejectment proceeding. Kinney took a writ of restitution, and was put in possession in June, 1889. A few days later Hayward filed his bill in chancery to foreclose his mortgage, and in May, 1890,

decree passed in his favor. (See 84 Mich. 591.) There-
upon Hayward again took possession of the land, and
has been in possession ever since. While Hayward was
in possession the last time, and in the spring of 1891,
William Service plowed and planted it under lease from
Hayward, and, as claimed by Service, after a talk with
Kinney. In the meantime Kinney had deeded a half
interest in the land to the plaintiff in this suit. In the
foreclosure proceedings of Hayward, Millard was not
made a party, though his deed from Kinney to a half
interest had been recorded for several days. In 1891
suits in trespass upon these premises were brought by
Millard and Kinney, one against George Ferguson, and
one against William Service. These cases were tried in
the circuit by five different juries, and the plain-
tiffs defeated. The cases were brought to this court, and
affirmed. *Kinney* v. *Ferguson*, 101 Mich. 178; *Kinney* v.
*Service*, Id. 185. In those cases it appeared in this court
that the plaintiffs were not in possession of the premises,
and it was therefore held that they could not maintain
trespass.

The testimony in the present case shows that Hay-
ward, the defendant here, was in possession for several
years, claiming title, and enjoying and holding the prem-
ises, and that during this time the plaintiff, Millard, pur-
chased from Kinney the one-half interest, and subse-
quently the whole interest, for the sum of one dollar.
We think there was no evidence showing possession in
plaintiff, Millard, and his grantor, a sufficient length of
time to enable him now to assert 10 years' possession
under his tax deeds, so that his title has become absolute
by reason of such possession; and there was no question
of fact upon that branch of the case to submit to the jury.

The court properly directed verdict and judgment in
favor of the defendant.

Judgment is affirmed.

The other Justices concurred.