SWEET *v.* GIBSON.

123    699
s83NW  407
130    ²637

123    699
e158  ² 73
158   ²446

1. ATTACHMENT—RETURN OF WRIT—SUBSTITUTED SERVICE.
   Under Circuit Court Rule No. 1, subd. *a*, requiring the sheriff to make his return in attachment proceedings immediately after service, or, in case of no service, immediately "after the return day," a return of "not found," filed *on* the return day of the writ, affords no basis for substituted service.

2. COURT RECORDS—DATE OF FILING—CONTRADICTION BY PAROL.
   Circuit Court Rule No. 38 requires the clerk to indorse on every paper the date on which the same is filed. *Held,* that the filing date placed by the clerk upon a return becomes part of the records of the court, and cannot be contradicted by parol.

Error to Cass; Smith, J. Submitted April 3, 1900. Decided May 2, 1900.

Attachment proceedings by Charles E. Sweet against Jordan E. Gibson. From a judgment for plaintiff, defendant brings error. Reversed.

*Crane, Norris & Stevens*, for appellant.

*James H. Kinnane*, for appellee.

MOORE, J. This is a direct proceeding attacking the validity of a judgment rendered in an attachment case commenced in the circuit court. There was no personal service of the original writ, but the ordinary notice in an attachment case was published for the purpose of obtaining substituted service. Defendant appeared specially, and a motion was made to set aside the service and quash the writ, which motion was overruled. The case then proceeded to judgment by default, and the case was at once brought here by writ of error. Several interesting questions are presented, but as one of them, in our judgment, disposes of the case, we will not discuss the others.

In attachment cases, Cir. Ct. Rule No. 1, subd. *a*, provides that the sheriff shall make his return on the writ immediately after service, or, in case of no service, then immediately after the return day mentioned in the summons. The return day mentioned in the writ in this case was the 1st day of September. The sheriff made a return dated September 1st. The return is indorsed with the file mark of the county clerk September 1st. Under the rule, as there was no personal service in this case, the sheriff should have retained the writ until after the return day. He had all of the return day in which to serve the writ, and his return of "not found" during the time in which he might lawfully make personal service would not form a basis for substituted service, and the court would not acquire jurisdiction. *King* v. *Harrington*, 14 Mich. 532; *Withington* v. *Southworth*, 26 Mich. 381; *Brown* v. *Williams*, 39 Mich. 755; *Myers* v. *Prosser*, 40 Mich. 644; *Drew* v. *Claypool*, 61 Mich. 233 (28 N. W. 78); *Hubbell* v. *Rhinesmith*, 85 Mich. 30 (48 N. W. 178); *Millard* v. *Hayward*, 107 Mich. 219 (65 N. W. 104); *Bargh* v. *L. R. Ermeling & Co.*, 110 Mich. 164 (67 N. W. 1083).

The court allowed the plaintiff to contradict by affidavits the {date of the return of the sheriff and the filing made by the county clerk. On one side of this issue is the affidavit of the deputy sheriff that he retained the writ until September 2d, but, supposing it should have been filed September 1st, he requested the clerk to file it as of that date, and it was so filed. The sheriff also testified that the writ was in the hands of his deputy on September 2d. On the other hand, the return is dated by the sheriff, "Sept. 1, 1899." The return is indorsed with the file mark of the county clerk, "Sept. 1, 1899." The county clerk made an affidavit that the return was filed in his office September 1, 1899. The county clerk's assistant made affidavit that the file mark, "Sept. 1, 1899," is in her handwriting, and that she verily believes that the return was actually filed and indorsed by her September 1,

1899.   Cir. Ct. Rule No. 38 requires the clerk to indorse on every paper the day on which the same is filed.   As is made apparent in this case, it is important that the evidence of when papers relating to litigation are filed in the clerk's office shall be of a fixed and permanent character, and shall not rest in the recollection of interested parties. The filing placed upon the papers by the clerk becomes part of the records of the court, and cannot be contradicted by parol.  *Stevenson* v.  *Bay City*, 26 Mich. 44; *Mudge* v.  *Yaples*, 58 Mich. 307 (25 N. W. 297); *Weaver* v. *Lammon*, 62 Mich. 366 (28 N. W. 905); *Attorney General* v. *Rice*, 64 Mich. 385 (31 N. W. 203); *Auditor General* v. *Board of Supervisors of Menominee Co.*, 89 Mich. 552 (51 N. W. 483); *Toliver* v. *Brownell*, 94 Mich. 577 (54 N. W. 302); *Holmes* v. *Cole*, 95 Mich. 272 (54 N. W. 761).

Judgment is reversed, and writ dismissed.

The other Justices concurred.