### HOLMES *v*. KING.

1. Attachment—Filing—Evidence.
   Proceedings in attachment are fatally defective where the writ was shown by its indorsement, uncontradicted by any other evidence, to have been issued the day before the affidavit was filed.

2. Same—Return.
   The return of a writ of attachment by the officer before the return day is fatal to the proceeding.

Error to Tuscola; Beach, J.  Submitted June 11, 1909. (Docket No. 94.)  Decided November 5, 1909.

Attachment proceedings by Lucy M. Holmes against Robert H. King.  A judgment for plaintiff is reviewed by defendant on writ of error.  Reversed, and cause dismissed.

*C. F. Gates*, for appellant.

Montgomery, J.  This is error to review a judgment entered in an attachment proceeding.  The affidavit for attachment was sworn to by the plaintiff's attorney, and stated the name of the plaintiff as L. M. Holmes.  This

affidavit was sworn to on the 16th day of January, and filed on the 17th of January, 1908. The writ of attachment was issued on the 16th day of January, and was indorsed on the back, "Filed January 16, 1908." So that from the filing it would appear that the affidavit could not have been attached to the writ. This writ ran in the name of L. H. Holmes as plaintiff. The return of the sheriff is dated January 29, 1908, and no date of filing appears on its back. This is now attached to the writ of attachment. The return shows that the service was made on the 16th day of January, 1908, by seizing property of the defendant. It also contains a statement that he has made diligent effort to find the defendant and make service, but was unable to do so.

A special appearance was entered in the case by defendant, and a motion made to dismiss the proceedings on account of these irregularities, and for the reason that no correct name of the plaintiff appeared. The circuit judge overruled this motion on the ground that there was nothing, when the motion was filed, to rebut the presumption that the plaintiff's proper name was L. M. Holmes, and, as the plaintiff then stood ready to amend her declaration, and proceed in the name of Lucy M. Holmes, this motion should not prevail on this ground. He was also of the opinion that the error in describing the name of the plaintiff as L. H. Holmes in the writ was a clerical error which could do no harm to the defendant, and that the return of the officer indicated that the writ and affidavit were both in his hands on the day of levy, and return was not made until the return day. He treated the indorsement of the clerk as a clerical error.

We think, certainly in the absence of any affirmative showing, that the indorsement of the clerk of the court could not be treated as a clerical error. See *Sweet* v. *Gibson,* 123 Mich. 699 (83 N. W. 407). The return of the officer is not inconsistent with the fact that the writ was filed with the clerk on the 16th day of January. As the record appears, it would seem that, having parted

with the writ on the 16th of January, he, on the 29th, makes a return that he was unable to find the defendant in his bailiwick. But in the meantime he had disarmed himself by depositing the writ with the clerk. To make return on the 16th day of January he could only have executed an alias writ, if one were permissible under these circumstances.

That the return of the writ of attachment before the return day is fatal to the proceedings, see *King* v. *Harrington*, 14 Mich. 532, and *Millard* v. *Hayward*, 107 Mich. 219 (65 N. W. 104). If we give the same consideration to the filing with the clerk, it is apparent that the affidavit was not attached to the writ at the time it was served. The writ appears to have been returned January 16th, and the affidavit was not filed until the 17th of January, so that the two were not at that time attached.

For the errors pointed out, the judgment must be reversed, and the case dismissed.

BLAIR, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.