YALE STATE BANK *v.* FLETCHER.

1. ATTACHMENT—AFFIDAVIT—STATUTES—BILL IN AID OF EXECU-
TION.
Unless the affidavit in attachment proceedings is attached
to the writ the judgment is invalid.   3 Comp. Laws, § 10556,
5 How. Stat. (2d Ed.) § 13357.

2. SAME.
Evidence considered and found to establish the fact that the
affidavit was annexed to the writ before service.

3. SAME—DEFAULT JUDGMENT—COUNTY CLERK—POWER OF DEPUTY
—ASSESSMENT OF DAMAGES.
The deputy county clerk may act in the place of the clerk to
whom a case has been referred for assessment of damages
after a default judgment: he may perform any duty that
his principal could perform.

4. SAME—INVENTORY—CERTIFICATE.
The fact that the sheriff filed a certificate with the copy of
the writ of attachment, certifying that the annexed inven-
tory was a true copy, etc., did not tend to prove that no
inventory was made.

5. HOMESTEAD—BILL IN AID OF EXECUTION—ATTACHMENT.
On the hearing of a suit in aid of execution to subject de-
fendant's homestead to plaintiff's claim, complainant could
not prevail unless the value of the homestead was shown
to exceed $1,500; and the trial court correctly dismissed
the bill of complaint upon a record showing that the only
evidence tending to prove the value of the homestead was
the appraisal in attachment proceedings, which complain-
ant had not offered in evidence by specific reference to
the paper as suggested on the hearing by the trial court.

Appeal from Sanilac; Beach, J.   Submitted November
20, 1911.   (Docket No. 149.)   Decided February 18,
1913.

Bill in aid of execution by the Yale State Bank against
Fred C. Fletcher and others.   From a decree for defend-
ants, complainant appeals.   Affirmed.

*Jay B. Weymouth,* for complainant.

*Gates & Simonson* (*Wm. H. Aitkin,* of counsel), for defendants.

BIRD, J. Complainant appeals from a decree dismissing its bill filed in aid of an execution against defendant Fred C. Fletcher. It appears from the record that complainant caused a writ of attachment to be levied upon a certain 40 acres of land in Sanilac county, which was owned and occupied by defendant Fletcher as his homestead. In those proceedings a judgment was obtained by complainant for the sum of $682.50, and an execution was levied on the land in question. Defendant Fletcher could not be found within the county of Sanilac, and service was had by publication. This bill was then filed to aid in the enforcement of the judgment. Substituted service was likewise had in this suit. It is charged that after the indebtedness accrued, but before the suit was commenced, the defendant Fletcher conveyed the 40 acres to defendant Lefler, and he in turn conveyed it to Fred C. Fletcher and his wife, Lavina W. Fletcher, and that these conveyances were made for the purpose of placing it beyond the reach of the creditors of Fred C. Fletcher.

Upon the hearing complainant offered the judgment in attachment, and it was objected to upon the ground that it was void. Several reasons are urged against its validity. It is first argued that the court acquired no jurisdiction because the affidavit was never annexed to the writ of attachment, in accordance with the requirement of section 10556, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13357). If this objection is well taken, it disposes of the case, as this court has held that this provision is mandatory. *Holmes* v. *King,* 158 Mich. 445 (123 N. W. 1).

The following facts are relied upon to show that the affidavit was never annexed to the writ:

(*a*) The affidavit was made and filed on the 27th day of April, the same day the writ was issued.

(*b*) The calendar entry showing that the affidavit was filed on April 27th, and afterward changed to read, "Affidavit exhibited on April 27th."

(*c*) That the affidavit is now attached to and filed with a copy of the writ.

(*a, b*) If it be conceded that the affidavit was filed on the date that the writ was issued, it is not important if it were actually annexed to the writ before it was executed. We think counsel are in error in assuming that the filing is conclusive evidence that it remained in the custody of the clerk. The statute does not require the affidavit to be filed when the writ issues, and the fact that it was inadvertently marked with the filing stamp of the clerk would not prevent its being attached to the writ and delivered to the sheriff. The testimony of the complainant's attorney and the deputy clerk who issued the writ shows that the affidavit was annexed to the writ and taken away by complainant's attorney on the day that the writ issued. The case of *Holmes* v. *King, supra,* to which our attention is called upon this proposition, is not in point for the reason that the situation there dealt with shows that the affidavit was not filed until after the writ was executed, showing conclusively that the affidavit could not have been annexed to the writ before it was executed.

(*c*) As further evidence that the affidavit was never attached to the writ, counsel point to the certificate of the sheriff attached to the return, which certifies that "the writ is a true copy of the writ of attachment to me directed, etc., and a true copy of the inventory made by me, etc." In making his return, the sheriff filled in this blank certificate, which is ordinarily made use of for certifying copies of the writ and inventory for service. This certificate was unnecessary, and, as there is nothing in the law which requires it to be indorsed upon the return of the sheriff, we think it should be disregarded as surplusage. The mistake misled no one and should not be permitted to affect the validity of the proceedings. The return, considered in connection with the inventory and appraisal,

fairly shows that the original writ, and not a copy, was returned. The objection, therefore, that the affidavit was not annexed to the writ, is not borne out by the record.

Further objection is made that no inventory was made and filed. The basis of this objection is the same as the preceding one, namely, that the certificate on the sheriff's return certifies that the inventory returned with the writ was a true copy, etc. The objection is purely technical and without merit.

When the default of the defendant was filed, an order was entered under rule 12, referring the matter to Fred J. Kemp, county clerk, for assessment. The assessment was actually made by the deputy county clerk, John D. Allin, and a report was made and filed by him. It is argued that, after the matter had been referred to Fred J. Kemp for assessment, it could not be made by Allin. The office of deputy county clerk is one created by statute (1 Comp. Laws, § 2572 [1 How. Stat. (2d Ed.) § 1217]), and, unless his powers are limited by the statute, he may perform any act which his principal may perform (29 Cyc. p. 1395). The matter was referred for assessment to the official and not to the individual, and, if it were a proper matter to refer to the clerk for assessment, the deputy had the authority to act for his principal. *Dorr* v. *Clark*, 7 Mich. 310; *Andres* v. *Ottawa Circuit Judge*, 77 Mich. 85 (43 N. W. 857, 6 L. R. A. 238).

The defendants raise some questions with reference to the pleading and evidence of the complainant in the chancery case, which seem to us more serious. The point is made that the bill of complaint nowhere charges what the value of the property was at the time the conveyance was made, and that there is no competent proof in the record that the 40 acres was worth more than the exemption of $1,500. The complainant argues that the appraisal shows that it was worth $2,400. The defendants contend that the appraisal is not a part of the evidence, and that if it were it would be no evidence of the value

of the land.    The question as to whether the appraisal is
in evidence depends upon the following testimony :

"Mr. Kemp identifies file handed him as the official
file from his office in the law case of the *Yale State Bank*
v. *Fred C. Fletcher.*
"*Mr. Weymouth :* I offer the files in evidence.
"*Court :* You may offer the papers by title.
"*Mr. Weymouth :* We offer in evidence the writ of
attachment entitled in the case of the *Yale State Bank*
v. *Fred C. Fletcher*, the return under date of May 13,
1909, by William H. Epplett, sheriff, filed May 25, 1909."

The testimony elsewhere shows that the writ, inventory,
appraisal, and return were all fastened together, and it is
the argument of the complainant that, when the writ was
admitted in evidence, all the papers were thereby admitted.
Whatever merit there may be in this contention, it cannot
avail where the trial court in advance suggests that the
papers be offered by their title.    By this suggestion the
trial court said in effect to counsel that, whatever papers
he desired admitted, he must make specific offers of them.
Because the appraisal was fastened to the writ, as a mat-
ter of convenience in making the return, it did not there-
by become a part of it, so as to admit it in evidence under
a ruling admitting the writ.    Having reached this con-
clusion, it is unnecessary to decide what force the apprai-
sal would have had as evidence of value if it had been
properly in the case.

Aside from the appraisal, there is no evidence of the
value of the 40 acres.    When an equity court is asked to
set aside a conveyance on the ground of fraud and the
amount of land conveyed does not exceed the acreage ex-
empted by the Constitution and statutes, there should be
some substantial showing that the value of it exceeds the
exempted value, and, until this showing is made, the
homesteader ought not to be disturbed in the possession
and enjoyment of his exemption.

The chancellor has given us no hint as to the reasons
which moved him to deny relief to complainant; but we

think the denial was fully warranted on this ground, and his decree will be affirmed, but without prejudice to the complainant. The defendants will recover their costs in this court.

STEERE, C. J., and MOORE, MCALVAY, and BROOKE, JJ., concurred.