## STURGIS v. MT. CLEMENS SUGAR CO.

1. JURY — PANEL — CHALLENGE TO THE ARRAY — SHERIFF—ACT OF DEPUTY.

   Where it is required by statute that the sheriff draw the names of the jurors from the box, the act of the deputy in performing the duty so imposed was valid and was not sufficient ground for sustaining a challenge to the array, although a local act regulating the practice in the county in question required the sheriff to draw the names from the box.

2. NEGLIGENCE—EXPLOSIONS—INSPECTION OF BOILERS—EVIDENCE.

   Plaintiff's evidence tending to show that the defendant had omitted to inspect or test its boilers used in a sugar factory before the commencement of the fall campaign, that the boiler maker who had inspected and repaired one of the boilers advised the engineer of the defendant that one of the plates was defective and apparently in a dangerous condition, that a hydrostatic test was made but that insufficient pressure was applied to discover whether the boiler would carry the ordinary pressure which was employed in operating the factory; *held*, sufficient to entitle plaintiff to the judgment of the jury upon the issue of defendant's negligence.

3. SAME—NEW TRIAL—WEIGHT OF EVIDENCE—VERDICT.

   Upon appeal from the denial of a motion for a new trial, evidence considered and *held*, to sustain the verdict against the defendant.

4. SAME—MOTIONS—NEWLY DISCOVERED EVIDENCE.

   Although experts in the employ of the defendants, who had given testimony at the trial that they were unable to state the cause, made a careful examination of the boilers after the trial and arrived at an opinion as to the cause of the explosion, the trial court did not err in denying the motion for a new trial on the theory that defendant in the exercise of ordinary diligence might have secured the testimony of such experts for the first trial.

Error to Macomb; Tucker, J. Submitted January 27, 1915. (Docket No. 48.) Decided March 17, 1915.

Case by Maud Sturgis, as administratrix of the estate of Carl I. Sturgis, deceased, against the Mt. Clemens Sugar Company for the unlawful killing of the plaintiff's intestate. Judgment for plaintiff. Defendant brings error. Affirmed.

*Thomas A. E. Weadock,* for appellant.

*S. B. Spier, W. F. Sawn,* and *Fred L. Vandeveer,* for appellee.

BIRD, J. Plaintiff's husband was a servant of the Carey Company, which had an agreement with defendant to make certain repairs on its boilers. While he was engaged in covering boiler No. 3 with asbestos, boiler No. 2 "let go" and injured and burned him so badly that he lived only six hours thereafter. The negligence complained of, and the one upon which the recovery was had, was the failure of defendant to properly and seasonably inspect and test its boilers before commencing its campaign of sugar making in the fall of 1911. Judgment having passed for the plaintiff, the defendant assigns a large number of errors, only a few of which, however, need be considered, by reason of the fact that substantially the same errors were raised and disposed of in Eberts against the same defendant. 182 Mich. 449 (148 N. W. 810).

1. Defendant's demurrer was overruled, as well as its challenge of the array. What Mr. Justice STONE said upon these questions in the *Eberts Case* will suffice in this case, save in one particular. The point is made in connection with the challenge of the array that the deputy sheriff acted in drawing the jury, whereas the statute provides that it shall be done by the sheriff. Act No. 367, § 9, Local Acts 1895. In *Yale State Bank* v. *Fletcher,* 173 Mich. 585 (139 N. W. 1028), a kindred question was raised as to whether a deputy county clerk could act for his superior in

certain matters. What was there said, we think, answers defendant's contention here:

"The office of deputy county clerk is one created by statute (1 Comp. Laws, § 2572) (1 How. Stat. [2d Ed.] § 1217) and, unless his powers are limited by the statute, he may perform any act which his principal may perform (29 Cyc. p. 1395). The matter was referred for assessment to the official and not to the individual, and, if it were a proper matter to refer to the clerk for assessment, the deputy had the authority to act for his principal. *Dorr* v. *Clark,* 7 Mich. 310; *Andres* v. *Circuit Judge,* 77 Mich. 85 [43 N. W. 857, 6 L. R. A. 238]."

2. Counsel argues that the state of the evidence was such that the trial court should have directed a verdict in defendant's behalf. This is based upon the claimed failure of plaintiff to establish the negligence of the defendant. It may be said in brief that the declaration charged the defendant with negligence in failing to inspect and test its boilers before beginning its campaign in October, 1911. In support of this allegation it was shown that in October, 1911, one George Kopoydlowski, a boiler maker, inspected and made certain repairs on the boilers, and, in making a report thereon, advised the chief engineer of defendant that the rear stay sheet in boiler No. 2 was out of alignment, and was warped or corrugated, and that some of the stay bolts "did not look good to him." Following this a hydrostatic test was applied to the boilers, but only to the extent of 90 pounds' pressure. It was further shown that the 90 pounds' test was inadequate, in view of the fact that the boilers carried a uniform pressure of 105 pounds when in operation. Expert testimony disclosed that, to make such a test effective, a boiler carrying a pressure of 105 pounds should be tested up to 130 or 155 pounds. It is argued by plaintiff that, had a proper and seasonable inspection been made with a proper hydrostatic test, it would have dis-

closed the defect, and thereby averted the accident. Considerable expert testimony was offered as to the cause of the explosion, but we think it is unnecessary to restate it here. The state of the testimony clearly entitled the plaintiff to go to the jury on the question of the defendant's negligence.

3. A new trial was applied for, and the principal grounds upon which it was asked were that a verdict should have been directed for defendant, because no negligence was shown, and because the verdict was contrary to and not supported by the evidence. This motion was denied, and we think rightly so. The defendant's negligence was a clean cut issue of fact. That question was submitted to the jury by the trial court in a very lucid instruction on the sole grounds of a failure to seasonably and properly inspect and test the boilers, and they were instructed by the court that, if the failure of the boilers was due to any other cause than the ones mentioned, no recovery could be had. We do not share defendant's views that the verdict was contrary to and not supported by the evidence. The testimony was such that, if believed by the jury, they might very well have reached the conclusion which they did.

4. A second motion for a new trial was made, based upon the sworn conclusions of defendant's experts after they testified in the case. Defendant's experts were unable, at the time of the trial, to assign any cause for the explosion. Later, another and more exhaustive examination was made by them of the wrecked boiler, were unable, at the time of the trial, to assign any cause of its "letting go." It was to get this testimony into the case that the second motion was made. It was urged on the ground of newly discovered evidence. The trial court, in denying this motion, said, in substance, that the wrecked boiler had been in defendant's possession since the accident, and that it did not appear but that all that was discovered upon the second

examination might have been discovered by the exercise of due diligence on the first examination, and that the showing was not such as to bring it within the rule of newly discovered evidence. These reasons appeal to us as valid, and we concur in the denial of the motion.

For the reasons stated, it will be unnecessary to consider the other errors assigned. The judgment of the trial court is affirmed.

BROOKE, C. J., and McALVAY, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred. KUHN, J., did not sit.