JEFFRIES V. HARRINGTON, COUNTY JUDGE, ET AL.

1. Constitution of Colorado, article 6, sections 2 and 11, providing that the district and supreme courts of the state shall have appellate jurisdiction, does not by implication limit appellate jurisdiction to such courts; and appellate jurisdiction may be conferred on county courts under Constitution, article 6, section 23, providing that no appeal shall lie to the district court from any judgment given by the county court upon an appeal from a justice of the peace.

2. Constitution of Colorado, article 7, section 6, provides: "No person except a qualified elector shall be elected or appointed to any civil or military office in this state." *Held*, that the word "office," as used therein, does not include deputy clerkships of county courts, and women may hold such deputy clerkships.

*Error to District Court of Arapahoe County.*

Mr. J. C. FETMAN, for plaintiff in error.

Messrs. STEELE and MALONE and SULLIVAN and MAY, for defendant in error.

STALLCUP, C.   This case is here upon writ of error to the final judgment of said district court, rendered upon a hearing in proceedings under chapter 31 of our Code of Civil Procedure, entitled "Of the Writ of *Certiorari* and Prohibition."   The application for the writ had been made by said plaintiff in error upon allegations that a final judgment had been duly rendered by said plaintiff in error, as justice of the peace in and for said county, in an action duly pending before him as such; that an appeal of said case to the said county court had been attempted by filing an appeal bond in said county court; that no appeal thereby or at all had been effected, for the reason that the appeal bond for such appeal which had been filed in said county court had been approved there by Miss Kate Mace, as deputy clerk of said court, and that by reason of her sex she was disqualified and incapable of holding such position and of discharging the duties thereof.   The plaintiff in error had been ordered by said county court to send up to said court the papers and transcript, as required by law in cases of appeal from justices of the peace to the county court; wherefore the writ was prayed to stay and annul the proceedings of said county court in the premises.   Upon the record here two questions are argued:

1. That the acts of our legislature conferring appellate jurisdiction upon the county courts of the state are void, for want of constitutional power in the legislature to confer such jurisdiction.   It is conceded in the argument that we look to our constitution, not to ascertain the power of the legislature, but to ascertain the limitations upon such power; but it is urged that an implied limita-

tion in this respect arises by the provisions of sections 2 and 11, article 6, Constitution, in that they specify that the district courts and the supreme court of the state shall have appellate jurisdiction, and that, by implication, appellate jurisdiction is limited thereto; but no such implication can arise therefrom, in view of the provisions of section 23, article 6, Constitution, which are as follows: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians, conservators and administrators, and settlement of their accounts, and such other civil and criminal jurisdiction as may be conferred by law: provided, such courts shall not have jurisdiction in any case where the debt, damage or claim or value of property involved shall exceed $2,000, except in cases relating to the estates of deceased persons. * * * No appeal shall lie to the district court from any judgment given upon an appeal from a justice of the peace."

2. May a woman lawfully hold the position of deputy clerk of a county court and discharge the duties thereof? By the act of January 13, 1877, it is provided that every clerk of a court of record, with the approval of the judge thereof, may appoint one or more persons to act as deputy or deputies, who may perform the duties of such office in the name of his or their principal, and that such deputy shall hold such office at the pleasure of his principal. This is all the legislation we have upon the subject, except the act of March 15, 1887, which does not materially change the same. There is nothing in these provisions rendering a woman incompetent to hold and discharge the duties of such position. By section 6 of article 7 of our constitution it is provided that "no person except a qualified elector shall be elected or appointed to any civil or military office in this state." A like constitutional provision has been construed by the supreme court of Ohio, and the word "office," as used therein, held not to

include such deputy clerkship. *Warwick v. State,* 25 Ohio St. 24. We do not think it was the intention of the framers of our constitution to declare such avenues of employment closed to women, and, until some clear expression to that effect has been made by constitutional or legislative provision, the courts should not declare against the employment of women in such positions. The judgment should be affirmed.

RISING and DE FRANCE, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the district court is affirmed.

*Affirmed.*