# OCTOBER TERM, 1891.

87  493
e121  543
e121  548
e121  554

87  493
126  588

WILLIAM S. WILSON v. WILLIAM NEWTON, CIRCUIT
JUDGE OF GENESEE COUNTY.

*Officers—County clerk—Right of woman to act as deputy.*

The office of county clerk is wholly ministerial, and when the law
provides that a ministerial officer may appoint a deputy, for
whose acts he and his sureties are responsible, and does not
limit or restrict him as to whom he appoints, his choice is not
confined to any race, *sex*, color, or age.

*Mandamus.* Submitted May 13, 1890. Denied June
13, 1890, and opinion filed October 6, 1891.

Relator applied for *mandamus* to compel respondent to
quash a writ of attachment. The facts are stated in the
opinion.

*Durand & Carton,* for relator.

*Mark W. Stevens,* for respondent.

*Martha Strickland,* of counsel, for respondent, after
reviewing in an elaborate brief the question of the right
of a woman to hold an office of the character of the one
in question under the common law and under the Con-
stitution of Michigan, in conclusion contended:

In view of the common-law authority for women holding minis-
terial offices; the absence of constitutional qualifications for the

office of county clerk; the fact that in England and our country women have been held eligible to elective offices without reference to their possession of elective privileges; the fact that they have for a long period of time in this State held the same and similar offices; that this Court permits them, in the case of attorney at law, to act as its officers; that there are no rules of interpretation which would sustain an opposite construction of our Constitution; that there has been established a practical construction by the people, never questioned in this Court until now; that to hold otherwise would create alarming confusion of property and personal rights, and debar a whole class of citizens from the privilege of employment which it has for years possessed,—we insist that the office of deputy county clerk can be legally held by a woman, and the writ of attachment is valid, and should not be quashed.

CHAMPLIN, C. J. This hearing is upon an order requiring respondent to show cause why he should not quash a writ of attachment, referred to in the affidavit of the relator, for the reason that said pretended writ is void, in that it was prepared, issued, and signed by one Marguerite E. Burr, a deputy county clerk; that said Marguerite E. Burr is a woman, and, being so, cannot, under the Constitution and laws of the State of Michigan, hold the office of deputy county clerk, or perform any of the duties of that office.

Article 10, section 3, of the Constitution provides that in each organized county there shall be chosen by the electors thereof a county clerk, whose duties and powers shall be prescribed by law. The duties and powers of the county clerk are prescribed by How. Stat. §§ 571–577. Other duties are prescribed by other provisions of the law. Section 573 authorizes the county clerk to appoint one or more deputies, to be approved by the circuit judge, one of whom shall be designated in the appointment as the successor of such clerk in case of vacancy from any cause, and to revoke such appointment at his pleasure, and the deputy or deputies may perform the

duties of such clerk. The next section makes him and his sureties responsible for the acts of his deputy or deputies, and in case of vacancy in the office of clerk by death, etc., the deputies shall severally perform the duties of clerk until the vacancy is filled.

The following is the written appointment of Miss Burr:

"STATE OF MICHIGAN, } ss.
   Genesee County,

"By virtue of the power in me vested by the statute in such case made and provided, I, George O. Crane, clerk of said county, do hereby constitute and appoint Marguerite E. Burr deputy clerk of said county, to hold office during my pleasure.

"Given under my hand at the city of Flint, Genesee county, this 3d day of June, A. D. 1889.

               "GEORGE O. CRANE,
                ."Clerk of Genesee County.

"I approve the above appointment.
               "WILLIAM NEWTON,
                 "Circuit Judge."

Miss Burr subscribed and swore to the constitutional oath of office, and entered upon the duties of deputy clerk. It will be noticed that in this appointment she is not designated as successor to the clerk.

The relator contends that under the provision of the Constitution none but an elector can be chosen to the office of county clerk. In this I think he is correct, but its decision is not essential to the determination of the present case. He further contends, as a necessary consequence, that no one except an elector can be appointed deputy, for the reason that such person may by the statute and the appointment become successor to the clerk until a vancancy can be filled. Miss Burr is not designated as his successor, and if she were it does not follow that the successor during the temporary time in which a vacancy occurs must be an elector. The elect-

ors have the constitutional right to choose their county clerk, and no one could be appointed for a full term to fill the position in an organized county; but in case of vacancy, the law may provide that another person may be appointed to fill the position and discharge the duties of the office. This is essential for the transaction of the public business, and it is competent for the Legislature to provide that the county clerk may appoint his own successor until a vacancy can be filled in the manner provided by law.

The office of county clerk is wholly ministerial, and when the law provides that a ministerial officer may appoint a deputy, for whose acts he and his sureties are responsible, and does not limit or restrict him as to whom he appoints, he has authority to appoint whomsoever he pleases. The person appointed acts for him; or, in other words, he acts through his deputy. His choice is not confined to any race, sex, color, or age. *Moore v. Graves,* 3 N. H. 408; *Golding's Petition,* 57 Id. 146 (24 Amer. Rep. 66); *Jeffries v. Harrington,* 11 Colo. 191 (17 Pac. Rep. 505).

There was no error in the denial of the motion to quash the writ.

LONG and GRANT, JJ., concurred.

MORSE, J., concurred in the result.