SARAH J. TOWER v. HAMILTON R. WELKER AND ALEX-
ANDER T. MONTGOMERY.

*Municipal corporations—City clerk—Appointment of deputy—
Power to administer oaths—Officer de facto.*

1. Where a city charter vests in the city clerk all of the powers
   of a township clerk, and authorizes him generally to administer
   oaths and take affidavits, he has the power to appoint a deputy,
   who, in case of the absence, sickness, death, or other disability
   of the clerk, has the right to perform *all* of the duties which
   the clerk could legally perform.
2. The actual legal right of one in possession of an office cannot
   be tried in a collateral proceeding between third persons, in
   which proceeding mere proof of user will be sufficient to show
   his official action valid.

Error to Ionia. (Person, J., presiding.) Argued October
11, 1892. Decided October 27, 1892.

Replevin. Defendants bring error. Affirmed. The facts
are stated in the opinion.

*Clute & Clute, W. O. Webster,* and *Frank C. Miller,*
for appellants.

*F. D. M. Davis (Thomas F. McGarry* and *William F.
McKnight,* of counsel), for plaintiff.

DURAND, J. This is an action of replevin, brought
against the defendants to recover a stock of goods and
merchandise, consisting mostly of groceries, provisions,
store fixtures, and furniture, then in the Tower block in
the city of Ionia.

The facts necessary to be stated are these: One Fred A.
Tower, being the owner of the property now in contro-
versy, and being justly indebted to Sarah J. Tower, the

plaintiff, in the sum of $2,000, for money loaned to him by her, did on April 7, 1890, execute and deliver to her a chattel mortgage on the same, to secure the payment of the indebtedness above mentioned. This chattel mortgage is in the usual form, and no contention is raised either as to the indebtedness or the form of the mortgage. On April 14, 1890, she filed the mortgage in the office of the city clerk of the city of Ionia. On April 15, 1891, no part of said mortgage indebtedness having been paid, she went to the office of said city clerk for the purpose of making and filing the usual renewal affidavit required by law, and found the office in charge of one Charles Girard, who was then acting as, and claiming to be, deputy city clerk; the city clerk himself then being absent. Upon making her business known, the said Girard, as deputy city clerk, then and there swore her to the affidavit, which was in the usual form prescribed by law in such cases, and, as such officer, annexed the same to the mortgage, and filed it in said office. On July 25, 1891, executions, issued upon judgments against the mortgagor, Fred A. Tower, amounting to upwards of $1,000, were placed in the hands of the defendant Montgomery, then a deputy-sheriff of said county, who, by virtue thereof, levied upon the property in question, and took possession of it, in denial of plaintiff's right as mortgagee, and upon the claim that her mortgage had not been properly renewed, and was therefore void as against the judgment creditors represented in the executions. The plaintiff thereupon insisted upon the recognition of her rights as mortgagee, and, upon this being refused, she brought this action against the defendants, Welker, as sheriff, and Montgomery, as the deputy-sheriff, having the property in his possession. Upon the trial in the circuit court without a jury the judge found for the plaintiff, and the defendants claim error.

The point of contention raised by defendants is that the

affidavit of renewal is void, upon the ground that Charles
Girard, as deputy city clerk of the city of Ionia, was not
an officer having authority to administer an oath. We do
not agree with the defendants in this position. Section
18 of the charter of the city of Ionia, as passed in 1873
and amended in 1889, contains the following:

"The clerk of said city shall have all powers and duties
of township clerks, in addition to the other duties hereby
imposed upon him. * * * He is also hereby author-
ized and empowered generally to administer oaths and to
take affidavits."

Among the powers of a township clerk is that of
appointing a deputy, who shall take an oath of office, and
file the same with the clerk; and, in case of the absence,
sickness, death, or other disability of the clerk, such deputy
shall perform the duties of such clerk. How. Stat. § 743.
We therefore have no hesitation in saying that under these
provisions the city clerk of Ionia had a right to appoint
a deputy, who, upon the happening of either of the con-
tingencies named, had the right to perform all the duties
which the clerk himself could legally perform.

The defendants contend that, even if the clerk has
this power to appoint, yet the deputy appointed would
only have the right to perform such duties as appertain to
township clerks, but without the enlarged rights conferred
upon the city clerk to administer oaths and take affidavits.

We think this much too narrow a construction to place
upon the legislation. It cannot be that the Legislature
intended to create the danger and confusion which such
a condition would create; and having, by the authority
granted, clearly conferred the right upon the city clerk to
appoint a deputy, it is equally clear that it was intended
to give the deputy the same power as the principal upon
the happening of a contingency which authorized the
deputy to act at all. The city clerk, therefore, having

"all the powers and duties of township clerks," had, among such powers and duties, the power and duty of appointing a deputy. Charles Girard was duly appointed a deputy city clerk, filed his oath of office, and at the time the affidavit was sworn to before him was exercising the powers and performing the duties of city clerk.

According to the common law, a deputy was one who exercised an office in another's right. In general, all ministerial duties which the principal himself has a right to perform may be discharged by a deputy. The following authorities illustrate the general rule that the duties of a deputy are coextensive with the duties of a principal, and that, consequently, the act of the deputy in the present case was an official act, and hence as valid in all respects as though it were the act of the principal: *McRaven v. McGuire*, 9 Smedes & M. 34; *Abrams v. Ervin*, 9 Iowa, 87; *Com. v. Arnold*, 3 Litt. (Ky.) 316; *Triplett v. Gill*, 7 J. J. Marsh. 438; *Hope v. Sawyer*, 14 Ill. 254; *Eastman v. Curtis*, 4 Vt. 616; *Beaumont v. Yeatman*, 8 Humph. 542; *Parker v. Kett*, 1 Ld. Raym. 658; *Malony v. Mahar*, 2 Doug. 432; *State v. Ruff*, 29 Pac. Pep. (Wash. St.) 999.

The defendants also contend that, although Charles Girard was recognized as a deputy by every one having any business to do at the office of the city clerk, including the public officials of that city, yet there were certain irregularities in the manner of his appointment, or in reference to the time when his official oath was filed, which defeat his legal title to that office. This objection cannot be heard in this proceeding. The record shows that at the time this affidavit was made he was, and for a long time before had been, openly and without objection performing the duties of the office of deputy city clerk. He was *de facto* that officer, and his title to it cannot be questioned collaterally. The actual legal right of one in possession of an office cannot be tried in a collateral proceeding between

third persons, and in such proceeding the mere proof of user will be sufficient, to show his official action valid. *Facey v. Fuller*, 13 Mich. 527; *Board of Auditors v. Benoit*, 20 Id. 176; *Druse v. Wheeler*, 22 Id. 439; *Keator v. People*, 32 Id. 484; *Jhons v. People*, 25 Id. 499; *Frey v. Michie*, 68 Id. 323; *Mead v. County Treasurer*, 36 Id. 416; *Moiles v. Watson*, 60 Id. 415.

We discover no error in the findings of the circuit judge, and the judgment is affirmed, with costs of this Court.

The other Justices concurred.