LOCKE *v.* HIGHWAY COMMISSIONER OF WYOMING TOWNSHIP.

ESTABLISHMENT OF HIGHWAY—APPEAL TO TOWNSHIP BOARD—DISQUALIFICATION OF MEMBERS.

> Members of a township board who took part on the hearing of an appeal by a land-owner from the decision of the highway commissioner in establishing a highway across appellant's land, and who decided that the highway was a public necessity, are disqualified from sitting on the hearing of a second appeal by the same land-owner from the decision of the commissioner re-establishing said highway, the former proceeding having been quashed in the circuit court.

107  631
s126  587

107  631
s65ᴺᵂ  558
d132  156
107  631
142  645

Error to Kent; Grove, J. Submitted November 22, 1895. Decided December 24, 1895.

*Certiorari* by Orson E. Locke to review the action of the highway commissioner and the township board of Wyoming township, Kent county, in establishing a highway across petitioner's land. There was a judgment for respondents, and petitioner brings error. Judgment reversed and proceedings quashed.

*Bundy & Travis*, for appellant.

*Maynard & Chase*, for appellees.

GRANT, J. The object of this suit is to test the validity of the action of the respondents in establishing a public highway across the petitioner's land. He appealed from the decision of the commissioner to the township board, and at the hearing seasonably objected to two members of the board sitting in the case, claiming that they were disqualified to act. A former proceeding had been instituted for this same purpose, and the petitioner appealed that case to the township board, which heard the case upon its merits, decided that the necessity for the highway existed, and awarded damages. That proceeding was quashed in the circuit court. Two of the members of the present board sat upon and decided that case, one of whom made an affidavit that the highway was a public necessity, and the other stated that if he had it to do over again he would do just as he did before.

These two members were disqualified. They had already passed upon all the questions involved. When a citizen is called upon to part with his land for the public use, he is entitled to a fair and impartial tribunal. The purpose of the law is to furnish such a tribunal, otherwise an appeal would be futile. *People* v. *Michigan Southern R. Co.*, 3 Mich. 504; *Kundinger* v. *City of Saginaw*, 59 Mich. 357; Cooley, Const. Lim. 563; Rand. Em. Dom. §§ 316-320; *Rhine* v. *McKinney*, 53 Tex. 361; *Wil-*

*liams* v. *Mitchell,* 49 Wis. 289; *Thompson* v. *Multnomah Co.,* 2 Or. 34; *Epler* v. *Niman,* 5 Ind. 459; *State* v. *Delesdernier,* 11 Me. 473. The provisions are ample to secure such a tribunal. 1 How. Stat. §§ 729, 745. The only remedy provided by law for a rehearing upon the merits in these proceedings is by appeal to the township board. That board consists of the supervisor, the two justices of the peace whose term of office will soonest expire, and the township clerk, three of whom constitute a quorum.

Section 745 is as follows:

"When, from any cause, there shall not be three of the officers constituting such board competent or able to act, one of the remaining justices, on being notified by any member of said board, shall meet with any members of the board, and shall have the same authority as the other members of the board."

Section 729 provides that, if any member "shall from any cause be unable to perform the duties of his office, * * * except that of justice of the peace and township treasurer, the township board may make temporary appointments of suitable persons to discharge the duties of such offices * * * until the disability aforesaid be removed."

The two remaining justices of the peace might have been called in, or only one, who would have made the quorum required. A township officer may become disqualified to act by reason of pecuniary interest and other causes. It is contrary to the spirit of the Constitution and to every principle of free government that a citizen's land can be taken from him for public purposes without some fair and impartial tribunal to determine the necessity and the amount of damages he shall receive. It can hardly be conceived that the framers of our Constitution and laws intended that this important function should be exercised by a tribunal whose members had already prejudged the case.

It was said in *People* v. *Michigan Southern R. Co., supra:*

"That the proprietor whose land is taken for public use is entitled to have his just compensation therefor ascertained by a fair and impartial tribunal is certainly reasonable, and undoubtedly required by the spirit of the Constitution."

Is this sound principle complied with by the farce of a trial before a tribunal half of whom have already decided upon the merits of the controversy?

Justice Cooley says:

"The case is not one where, as a matter of right, the party is entitled to a trial by jury, unless the Constitution has provided that tribunal for the purpose. Nevertheless the proceeding is judicial in its character, and the party in interest is entitled to have an impartial tribunal, and the usual rights and privileges which attend judicial investigations. It is not competent for the State itself to fix the compensation through the legislature, for this would make it the judge in its own cause. And, if a jury is provided, the party must have the ordinary opportunity to appear when it is to be impaneled, that he may make any legal objections." Cooley, Const. Lim. p. 563.

Speaking of these tribunals in condemnation proceedings, Mr. Randolph says that they are essentially judicial in this, that they must be impartial, and must preside over a cause in which both parties have the opportunity to be heard. Rand. Em. Dom. §§ 316, 320.

The learned counsel for the respondents contend that this tribunal stands, under the law, in the same position as a judge, and cite *Heflin* v. *State*, 88 Ga. 151, where it was held that a judge was not *per se* disqualified to preside on the trial of an indictment for perjury because he had presided at the trial of the case in which the alleged perjury was committed, and because he had privately and unofficially advised the prisoner's counsel to induce his client to plead guilty, saying that there was no doubt about his guilt, and no earthly chance for him to be acquitted. The judge, however, in that case was not clothed with the power to try the case upon the merits,

and determine the guilt or innocence of the accused. Had he possessed such power, no one would contend that he was qualified to try the case. It was only held that his knowledge of the facts and his expression of opinion upon the merits did not disqualify him from passing upon the legal questions that might be raised, and from correctly instructing the jury upon the law.

We held in *Wilson* v. *Township Board of Burr Oak,* 87 Mich. 240, that members of such board, in proceedings of this nature, who were financially interested in the establishment of a highway, were incompetent. It would be equally as disastrous to a land-owner to have his rights passed upon by those who had already decided his case as by those who were financially interested.

The judgment must be reversed, and the proceedings quashed.

McGRATH, C. J., LONG and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.