DUBOIS *v.* RILEY TOWNSHIP BOARD.

Appeal from Highway Commissioner — Township Board —
Authority of Deputy Clerk.

*Where a town clerk is incapacitated to sit as a member of the
township board upon an appeal to it from the highway com-
missioner in laying out a public highway, the deputy clerk is
not authorized to sit as a member of the board.

Error to Clinton; Stone, J.   Submitted April 17, 1901.
Decided May 7, 1901.

*Certiorari* by Isaac F. Dubois against the township
board and the highway commissioner of the township of
Riley to review the proceedings of such board on an appeal
from an order of the commissioner establishing a highway.
From an order quashing the proceedings and requiring
the board to reconvene, defendants bring error.   Modified.

*Patterson & Moinet,* for appellants.

*J. J. Zimmer,* for appellee.

Grant, J.   Upon appeal to the township board from
the decision of a highway commissioner in establishing a
public highway, is the deputy township clerk competent
to sit as a member of the board in the proceedings upon
appeal, under 2 Comp. Laws 1897, § 4042?   The clerk in
this case had become incapacitated from sitting as a mem-
ber of the board by reason of his having sat in the
same matter upon a former appeal.   *Locke* v. *Highway
Com'r,* 107 Mich. 631 (65 N. W. 558).

The township board consists of two justices of the peace,
the supervisor, and the township clerk.   1 Comp. Laws
1897, § 2343.   In case of the incompetency of either to
act, section 2344 provides for filling the vacancy.   The

*Head-note by Grant, J.

township clerk is a constitutional officer. The township board, sitting as a board of review, acts in a *quasi* judicial capacity. The deputy clerk is a creation of the statute, and not of the Constitution. The deputy may be of any race, sex, color, or age. *Wilson* v. *Genesee Circuit Judge*, 87 Mich. 493 (49 N. W. 869, 24 Am. St. Rep. 173). The deputy acts for his principal, and not in any independent capacity. He cannot perform duties which his principal, who is responsible for his acts, is incapacitated to perform. When the statute imposes a duty of this character upon certain officers, it means those officers, and not the deputies which they may by statute be authorized to appoint. The court therefore was correct in holding the action of the board void.

The court entered an order for the board to reconvene and consider the appeal. We think this was beyond the authority of the court upon *certiorari*. The sole question presented by the writ is, Was the action valid? The only order that could be entered was one of affirmation or reversal, quashing the proceedings. *Whitbeck* v. *Common Council of Hudson*, 50 Mich. 86 (14 N. W. 708); *Ritter* v. *Daniels*, 47 Mich. 617 (11 N. W. 409). The judgment will therefore be modified in this respect, and judgment entered in this court holding the action of the township board void. No costs will be allowed.

The other Justices concurred.