KENNEDY v. VAN BUREN COUNTY DRAIN COMMISSIONER.

1. DRAINS—NECESSITY—DUTIES OF TOWNSHIP CLERK—DEPUTY.

The office of deputy clerk of a township is one authorized by the statute, and unless his powers are limited by the statute he may perform any act which his principal may perform. And, hence, in a suit to enjoin the deepening and widening of a drain and preserve the level of an inland lake, the determination of the deputy clerk, acting with the justices of the peace as town board, that the drain was a necessary public improvement, was lawful and sufficient, as he was the representative of the township clerk.

2. SAME—INLAND LAKES—NECESSITY FOR IMPROVEMENT.

Under Act No. 202, Pub. Acts 1911, the drain commissioner is not without authority to perform his duties and to deepen and widen a public drain because it would affect the level of an inland lake, the statute containing no provision against the lowering of such waters and the provisions thereof being optional rather than mandatory.

Appeal from Van Buren; Des Voignes, J. Submit-

ted April 24, 1914.   (Docket No. 122.)   Decided January 3, 1916.

Bill by Ellis Kennedy and others against George Mutchler, drain commissioner of Van Buren county, and others, for an injunction and other relief. From a decree dismissing the bill of complaint, complainants appeal. Affirmed.

*Thos. J. Cavanaugh,* for complainants.

*Earl L. Burhans,* Prosecuting Attorney, and *Lynn J. Lewis,* Assistant Prosecuting Attorney (*Glenn E. Warner,* of counsel), for defendants.

BIRD, J. The bill in this case was filed to restrain the drain commissioner of Van Buren county from acting favorably on a petition to clean out, deepen, widen, straighten, and extend School Section Lake drain. It is asserted that if the work contemplated under this petition were carried to completion it would lower the normal water level in School Section Lake two feet and ten inches. Complainants are owners of lands adjoining the lake, and therein lies the reason for their opposition to the proceedings.

The points raised against the proceedings by complainants question the jurisdiction of the drain commissioner on two grounds:

1. The petition was filed with the drain commissioner and was afterwards, in accordance with Act No. 185, Pub. Acts 1911, referred to the township board to determine the necessity for the improvement. At the meeting of the board which considered the matter, there were present two justices of the peace and the deputy township clerk. It was decided that the improvement was necessary. The claim is made that the deputy clerk could not legally act for his principal in passing upon this matter, because it was in its na-

ture a judicial proceeding; that when the law designates the clerk to act in such a capacity, it means the clerk, and not the deputy clerk.

The office of deputy clerk is one authorized by the statute (1 Comp. Laws, § 2342), and unless his powers are limited by the statute, he may perform any act which his principal may perform. *Dorr* v. *Clerk*, 7 Mich. 310; *Andres* v. *Circuit Judge*, 77 Mich. 85 (43 N. W. 857, 6 L. R. A. 238); *Tower* v. *Welker*, 93 Mich. 332 (53 N. W. 527); *Yale State Bank* v. *Fletcher*, 173 Mich. 585 (139 N. W. 1028). It was doubtless well understood by the legislature that the township clerk could not always be at his office to serve the public in his official capacity, and by reason thereof, he was authorized to appoint a deputy clerk to act in his stead in order to expedite public business, with no limitations on his powers to represent his principal. In view of this we must hold that the deputy clerk was qualified to sit as a member of the township board to consider and pass upon the application in question.

The case of *Dubois* v. *Riley Township Board*, 126 Mich. 587 (85 N. W. 1067), is cited as being opposed to this view. It is true that case denied the right of the deputy to act in the place of his principal, but it was placed upon the ground that the clerk himself was disqualified from sitting by reason of his having sat in the same matter on a former appeal. Had it been conceded in that case that the clerk was qualified to sit, then it would have raised the question here presented.

2. The jurisdiction of the commissioner is again challenged on the ground that the township board had no power to find the necessity for an improvement, which, if carried to completion, would affect the normal level of an inland lake such as the one in question. The basis of this contention is Act No. 202, Pub. Acts 1911. The title provides:

"An act to authorize boards of supervisors in cer-

tain counties to determine the natural height and level of the waters in navigable inland lakes, to maintain the waters in navigable inland lakes at their natural height and level, to build dams and embankments and acquire for such purposes by condemnation, or otherwise, lands, easements or other property, to appropriate moneys therefor, and to assess the expenses of such improvements on property benefited thereby."

Section 1 reads:

"The board of supervisors of any county in which the whole or major part of the waters of any inland navigable lake is situated, may, in order to improve or maintain navigation thereon, or to promote the public health or welfare, determine the natural height and level of the waters in such inland navigable lake, and construct and maintain sufficient dams or embankments upon and along the shores of such lake to keep and maintain the water in such lake at its natural height and level."

Section 2 reads:

"Such board of supervisors may acquire, in the name of the county, by gift or purchase, or by condemnation proceedings, any existing dam which may affect the level of the waters in such lake, and any or all sites for dams or embankments or other lands, easements, property, or interests therein, or appertaining thereto, needful or convenient in order to fully carry out the purposes of this act."

The remaining sections of the act set forth the machinery by which such property or rights may be purchased or acquired by condemnation. Act No. 202 confers upon boards of supervisors of the several counties the authority to establish the normal water level of inland lakes, and to purchase or condemn property and rights needful to maintain such level. The act does not appear to be mandatory, but merely optional with the several boards whether they shall assume jurisdiction in any particular case. Had the legislature provided that the waters of inland lakes should remain

at their present level, unless changed by the board of supervisors, or had it used some language indicating an intention to place the whole subject-matter at once under the jurisdiction and control of the board, the construction contended for by counsel would have more force. Our conclusion is that the act does nothing more than to confer upon the board of supervisors the authority to act in any given case where, in its judgment, it is necessary or expedient.

Under this view, the act will not stand in the way of proceedings under the drain law, where it affects the waters of an inland lake, unless the board has previously exercised its jurisdiction with respect to that particular lake.

The decree of the trial court dissolving the injunction and dismissing the bill will be affirmed, with costs to the defendants.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.