Mr. Justice POTTER'S opinion herein holds Act No. 212, § 13, and Act No. 312, § 8, Pub. Acts 1931, unconstitutional. These two sections are exactly alike and read:
"The orders of the commission issued under the provisions of this act shall be subject to review by the Supreme Court of the State, both as to the law and the facts, and the statutes, rules and practice on appeals to the Supreme Court from circuit courts in equity cases shall apply to and govern proceedings for such review. The Supreme Court is given jurisdiction to hear and determine such matters made reviewable hereunder."
For reasons hereinafter indicated I am in accord with Justice POTTER's opinion wherein he holds the quoted provision invalid in so far as it attempts to vest the Supreme Court with power to review and to make final determination of issues of fact passed upon by the public utilities commission. But I cannot agree that the act is invalid in so far as it provides for review in the Supreme Court of questions of law or the application of the law in the proceeding before the commission, such review being strictly in the nature of certiorari.
While not determinative of the legal question involved, it may be noted in passing that in this type of cases the necessity for prompt review and final determination is often, perhaps usually, almost imperative. *Page 349 
Belated determination is of little or no value to the litigant whose business or proposed business as a carrier in the meantime has been greatly jeopardized if not ruined. It is fair to presume that this is the reason which prompted the legislature to provide in these acts for direct review of the commission's determination by the Supreme Court, rather than by procedure through the circuit court.
As noted in my brother's opinion, the jurisdiction of the Supreme Court is fixed by the Constitution. It can neither be increased nor diminished by legislative enactment. Therefore in the instant case it is necessary to inquire whether the Supreme Court has power "to hear and determine" on appeal issues of law and of fact, either or both, as passed upon by the public utilities commission. It is thoroughly established in this State that this and similar commissions arequasi-judicial bodies. Rapid Railway Co. v. Michigan PublicUtilities Commission, 225 Mich. 425 (P. U. R. 1924 B, 585);Pollitz v. Michigan Railroad Commission, 205 Mich. 549, 560 (P. U. R. 1919 E, 10); Mackin v. Detroit-Timkin Axle Co.,187 Mich. 8, 18. They are empowered to perform certain acts and make certain determinations which in their nature arequasi-judicial. But the Constitution vests all judicial power in the courts, and it follows that determinations of this character by the respective commissions are not final, and cannot be made so by legislation. Instead, in so far as questions of law are involved, determinations of suchquasi-judicial bodies are reviewable by the courts. This practice is thoroughly established in this jurisdiction. It has become a fixed feature of our system of jurisprudence, and we should not now depart therefrom. Such is the practice *Page 350 
provided by statute which has been followed for years by this court in reviewing industrial accident cases. See 2 Comp. Laws 1929, § 8451, and a multitude of cases cited in the note.
But the public utilities commission and other commissions of like character are primarily administrative bodies, adjuncts to either or both the legislative department or the executive department. They also function in quasi-judicial capacities. But because of constitutional prohibitions (Const. art. 5, § 1; art. 7, § 1) neither legislative powers nor purely judicial functions can be exercised by such commissions or boards.
"Powers delegated to administrative boards. There are no constitutional objections arising out of the doctrine of the separation of the powers of government to the creation of administrative boards empowered within certain limits to adopt rules and regulations, and authorizing them to see that the legislative will expressed in statutory form is carried out by the persons or corporations over whom such board may be given administrative power. Boards and commissions of this character do not exercise any of the powers delegated to the legislature. They do not make any laws. They merely find the existence of certain facts, and to these findings of fact the law enacted by the legislature is applied and enforced. As in the case of other executive officers, administrative boards may be given the power to perfect the details of a plan the general outlines of which have been laid down in a statute of the legislature." 6 R. C. L. p. 179.
"And statutes conferring on officers, boards, or commissionsquasi-judicial functions, as, for example, the necessity of inquiry into, and a finding of, facts incidental to the exercise of powers properly within the scope of legislative or executive authority, are not unconstitutional as encroachments on the judiciary." 12 C. J. p. 809. *Page 351 
See, also, Michigan Central, R. Co. v. Michigan RailroadCommission, 160 Mich. 355; City of Traverse City v. MichiganRailroad Commission, 202 Mich. 575, 581 (P. U. R. 1918 F, 752).
Within its proper sphere such a commission often determines issues of fact, which determination renders operative or inoperative, as the case may be, legislative enactments. But, in so functioning, the commission is not exercising a legislative power. In such instances the determinations of fact issues pertain only to the functioning of the commission in its legislative capacity, as an adjunct to the legislature. The policy or wisdom of such action by the commission cannot be reviewed by the courts any more than can the policy or wisdom of a legislative enactment be reviewed by the courts. In short, in so far as the functioning of a commission pertains to the administration of executive or legislative matters, it is not reviewable in this court.
In the instant case the exact question involved is whether there shall be granted a certificate of public convenience and necessity to appellant under which it may operate as a common carrier over a fixed route within the State of Michigan. Primarily this is clearly a legislative question, not a judicial one. The legislature has properly delegated to the public utilities commission the administrative power of determining whether under the facts disclosed to it the certificate should be granted. In so determining the public utilities commission is acting in its legislative capacity and the factual aspect of such determination is not reviewable in this court. Provisions in Acts Nos. 212 and 312, Pub. Acts 1931, to the contrary are unconstitutional and void.
However, the commission must act within the law. Whether it has so acted is subject to review by the courts and such review is strictly in the nature of *Page 352 
certiorari where the legal aspect of the commission's determination may be inquired into, but not the factual phases of its determination. In so far as the quoted section of the statute provides for a review by the Supreme Court of questions of law arising incident to the quasi-judicial actions of the commission, it is not violative of the Michigan Constitution which vests in the Supreme Court the power to issue original and remedial writs and to hear and determine the same. Constitution, art. 7, § 4.
The principal contention asserted by appellants on this appeal is that the evidence before the utilities commission did not show the requisite public convenience or necessity for issuing a permit to appellee. On application for a permit the statute requires the commission to:
"find and determine that public convenience and necessity require the exercise of such privilege, and said commission shall refuse to issue any certificate if, upon investigation of all existing highway transportation facilities and hearing, it shall appear to the satisfaction of the commission that public convenience and necessity do not require such additional facilities as applied for." Act No. 312, Pub. Acts 1931, § 5.
From this statutory provision it appears that the commission acts not only upon the testimony taken at the hearing but it may make an investigation on its own account and consider the results of such investigation in granting or withholding the permit. Needless to say a question of fact was presented to and determined by the commission. It is equally clear that determination of such issue based in whole or in part upon "investigation" by the commission cannot be reviewed in this court upon a record which, as in the instant case, contains no *Page 353 
information as to what the commission's investigation disclosed. But entirely apart from this anomalous situation, on review by certiorari this court has no power to substitute its judgment for that of the commission on issues of fact.
"The office of a certiorari is not, however, to review questions of fact, but questions of law. And, in examining into the evidence, the appellate court does so, not to determine whether the probabilities preponderate one way or the other, but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would, or would not, have been drawn by the appellate tribunal." Jackson v. People
(syllabus), 9 Mich. 111 (77 Am. Dec. 491).
See, also, People v. Martin, 256 Mich. 33; Attorney General
v. Nelson, 263 Mich. 686.
Testimony was taken in support of appellee's application for a permit and in opposition thereto. From a consideration of the record presented to us on this appeal we cannot say that the commission's order granting the permit is without support either in the facts disclosed at the hearing or by an investigation of the commission. Therefore, the order must stand. The determination of the public utilities commission is affirmed, with costs to the Consolidated Freight Company.
It should be noted that the appeal in the nature of certiorari was taken without first having obtained leave. Court Rule No. 60 (1931). For that reason the appeal might well have been dismissed by the court on its own motion. Quail v. Cole,260 Mich. 642.
McDONALD, C.J., and SHARPE, WIEST and BUTZEL, JJ., concurred with NORTH, J. *Page 354