This case is here for review under Acts Nos. 212 and 312, Pub. Acts 1931, which provide for review of the orders of the Michigan public utilities commission both as to law and *Page 536 
the facts, and for their disposition as in appeals in equity.
In Re Consolidated Freight Co., 265 Mich. 340, it was held this court could exercise appellate jurisdiction only, in chancery appeals; that the Michigan public utilities commission was not a court and hence an appeal directly to this court would not lie.
"An appeal is a process of civil law origin and removes a cause entirely, subjecting the facts as well as the law to a review and retrial, but a writ of error is a process of common-law origin and removes nothing for re-examination but the law." Wiscart v. D'Auchy, 3 Dall. (3 U.S.) 321.
Appeals are inquisitorial, of civil-law origin, not fixed by the Constitution, existing only by statute, and may be modified, amended or abolished, in the discretion of the legislature. They operate on persons, remove questions of fact to the appellate court where there is a trial de novo of the entire case begun below which is continued for retrial in the Supreme Court.
It was held this court could exercise original jurisdiction over the Michigan public utilities commission by certiorari in accordance with Rapid R. Co. v. Michigan Public UtilitiesCom'n, 225 Mich. 426.
On certiorari this court may not review questions of fact. It is not at liberty to determine disputed facts nor to review the weight of the evidence. Carroll v. City Commission of City ofGrand Rapids, ante, 123.
"The office of a certiorari is not however to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other but simply to determine *Page 537 
whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal." Jackson v. People, 9 Mich. 111 (77 Am. Dec. 491).
"The sole question presented by the writ is, Was the action valid? The only order that could be entered was one of affirmation or reversal, quashing the proceedings."Dubois v. Riley Township Board, 126 Mich. 587.
" 'On certiorari questions of law only are reviewable, and it is the general rule that, when an order or judgment is reversed in certiorari proceedings, the whole case falls. It is an end to the case.' Van Dyke v. Doughty, 174 Mich. 351." Carroll v.City Commission of City of Grand Rapids, supra.
If there are disputed questions of fact to be determined, as there usually are, in a review of a final order of the Michigan public utilities commission, in cases such as this, review must be had in the manner pointed out by statute (2 Comp. Laws 1929, §§ 11014, 11042), by a bill in chancery filed in the circuit court for the county of Ingham, where additional testimony may be introduced and a decree entered, from which decree an appeal lies to this court. Certiorari from this court is a writ granted in the exercise of original jurisdiction and lies to review questions of law only. In re Consolidated Freight Co.,supra. Appeals may be taken from the orders of the commission only in pursuance of the constitutional statutes providing therefor. *Page 538