NATIONAL AUTOMOBILE TRANSPORTERS ASS'N v.
INGHAM CIRCUIT JUDGE.

1. APPEAL AND ERROR—RECORD—IRREGULARITIES IN PRACTICE.

Under record, ample to present question involved in dispute between party granted a certificate of convenience and necessity by the public utilities commission and objectors thereto, Supreme Court disregards irregularities in practice and treats case as being before it on appeal.

2. CARRIERS—PUBLIC UTILITIES COMMISSION—APPEAL—STATUTES.

Acts Nos. 212 and 312, Pub. Acts 1931 and Act No. 254, Pub. Acts 1933 providing the public utilities commission with authority to regulate use of public highways by carriers of persons or property for hire and for review of orders made by such commission *held*, not to have expressly or impliedly repealed earlier statutory right of appeal from commission's orders by way of bill in equity filed in the circuit court for Ingham county but to have provided additional remedy of appeal direct from holdings of the commission to the Supreme Court (2 Comp. Laws 1929, §§ 11008, 11014, 11042 [a]).

3. CERTIORARI—PUBLIC UTILITIES COMMISSION—SUPREME COURT.

Power to review orders of public utilities commission by Supreme Court by an appeal in nature of certiorari is vested by Constitution as well as by statute (Const. 1908, art. 7, § 4; Comp. Laws 1929, §§ 11008, 11014, 11042 [a], 15501).

4. CARRIERS—PUBLIC UTILITIES COMMISSION—REVIEW OF QUESTIONS OF FACT OR LAW.

Under present statutory provisions a party conceiving himself aggrieved by a holding of the public utilities commission on questions of fact or questions of law, may have review by bill in equity in circuit court of Ingham county, or, if such party seeks review of the questions of law only, he may take an appeal in the nature of certiorari direct from the commission to the Supreme Court, leave being first obtained from latter (Comp. Laws 1929, §§ 11008, 11014, 11042 [a], 15501; Acts Nos. 212 and 312, Pub. Acts 1931; Act No. 254, Pub. Acts 1933).

Petition by National Automobile Transporters Association and others for a writ of mandamus to compel Leland W. Carr, Ingham Circuit Judge, to take jurisdiction of a case to enjoin Smith Trucking Company, a Michigan corporation, from operating as a carrier until it obtains authority so to do and to set aside an order of the Michigan Public Utilities Commission and in the alternative to appeal from decree dismissing their bill of complaint. Submitted March 23, 1937. (Calendar No. 39,206.) Decree reversed April 21, 1937. Rehearing denied June 7, 1937.

*Kit F. Clardy* and *Carney D. Matheson,* for petitioners.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd* and *H. Attix Kinch,* Assistants Attorney General, for defendant.

*Carl H. Smith,* for Smith Trucking Company.

NORTH, J.   On July 15, 1936, the Michigan public utilities commission issued a certificate of public convenience and necessity to the Smith Trucking Company, a Michigan corporation. At the hearing before the commission the plaintiffs herein opposed the granting of such certificate. Thereafter plaintiffs filed a bill of complaint in the circuit court of Ingham county wherein they sought to have the Smith Trucking Company restrained from operating under the certificate issued by the Michigan public utilities commission and to have the certificate so issued canceled and the Michigan public utilities commission restrained from authorizing or permitting the Smith Trucking Company to operate under the authority of the certificate and order of said commission. The defendant Smith Trucking Company filed a motion in the circuit court to dismiss

the bill of complaint for the following reasons: (1) Plaintiffs have an adequate remedy at law; (2) Plaintiffs' proper remedy is appeal to the Supreme Court of Michigan; and (3) Plaintiffs' bill of complaint states no facts showing a cause of action in equity. Upon hearing the motion the circuit judge dismissed plaintiffs' bill of complaint.

While it would seem that plaintiffs were entitled to appeal as a matter of right from this final disposition of the suit in the circuit court, nonetheless plaintiffs applied to this court for leave to appeal or for an order to show cause and other incidental interlocutory relief. An order to show cause was issued and return made by the circuit judge. The record before us on this appeal is ample to present properly the question involved and hence we disregard irregularities in practice, treating the case as being here on appeal.

The return of the circuit judge to the order to show cause gives as the reason for dismissing the bill of complaint "that the Ingham county circuit court in chancery is without jurisdiction * * * because said suit arises under the provisions of Act No. 254, Pub. Acts 1933, and article 5, § 20, of said act provides for an exclusive method of appeal to the Supreme Court of the State."

The sole question is whether the trial judge was correct in dismissing plaintiffs' bill of complaint. The practice on appeal from the Michigan public utilities commission was rather definitely detailed by a former decision of this court from which we quote:

"The Michigan public utilities commission was created by Act No. 419, Pub. Acts 1919 (Comp.

Laws Supp. 1922, § 8164 [1–12] [2 Comp. Laws 1929, § 11006 *et seq.*]).  Section 9 provides:

" 'Any order or decree shall be subject to review in the manner now provided by law for reviewing orders and decrees of the Michigan railroad commission.'

"The Michigan railroad commission was created by Act No. 300, Pub. Acts 1909 (2 Comp. Laws 1915, § 8109 *et seq.* [see 2 Comp. Laws 1929, § 11018 *et seq.*]).  Section 3 of the act of 1919 (2 Comp. Laws 1929, § 11008) abolished this commission, but provided:

" 'All the rights, powers and duties now vested by law in said railroad commission shall be deemed to be transferred to and vested in said public utilities commission and shall be exercised and performed thereby, except as herein otherwise provided.'

"Section 26 (a) of the railroad commission act (§ 8134 [2 Comp. Laws 1929, § 11042]) provides for the review of any order made by the commission by a bill in equity filed in the circuit court for the county of Ingham." *Rapid Railway Co.* v. *Michigan Public Utilities Commission,* 225 Mich. 425 (P. U. R. 1924 B, 585).

In the cited case, as in the instant case, the appeal was a review of an order of the commission granting a permit to engage in the business of a common carrier; and we there plainly said the statute "provides for the review of any order made by the commission by a bill in equity filed in the circuit court for the county of Ingham."  The statutory provisions referred to in the above quoted portion of our opinion in the *Rapid Railway Company Case* are still part of the statutory law of this State.  2 Comp. Laws 1929, §§ 11014, 11018 *et seq.,* 11008, 11042 (a).  Later the legislature passed Acts Nos. 212 and 312, Pub. Acts 1931 and Act No. 254, Pub. Acts 1933; but

these later acts neither expressly nor impliedly repealed the earlier statutory right of appeal. Instead these later acts provide the additional remedy of appeal direct from the holdings of the Michigan public utilities commission to the Supreme Court. The legislature in these later acts attempted to provide that on appeal the Supreme Court should review both issues of fact and issues of law, but by our decision in *Re Consolidated Freight Co.*, 265 Mich. 340 (4 P. U. R. [N. S.] 397), we held such legislation invalid in so far as it provided for review of issues of fact, but valid to the extent it provided for review of questions of law. The latter is by an appeal in the nature of certiorari, which power of review is vested in the Supreme Court by the Constitution as well as by the statutory enactments above cited. Const. 1908, art. 7, § 4. See, also, 3 Comp. Laws 1929, § 15501.

It should also be noted that recently Mr. Justice POTTER, in his concurring opinion in *Re Cloverleaf Motor Truck Transp. Co.*, 266 Mich. 534, said:

"If there are disputed questions of fact to be determined, as there usually are, in a review of a final order of the Michigan public utilities commission, in cases such as this, review must be had in the manner pointed out by statute (2 Comp. Laws 1929, §§ 11014, 11042), by a bill in chancery filed in the circuit court for the county of Ingham, where additional testimony may be introduced and a decree entered, from which decree an appeal lies to this court. Certiorari from this court is a writ granted in the exercise of original jurisdiction and lies to review questions of law only. *In re Consolidated Freight Co.*, 265 Mich. 340 (4 P. U. R. [N. S.] 397). Appeals may be taken from the orders of the commission

only in pursuance of the constitutional statutes providing therefor.''

In the case last above cited the question for review was the granting of a permit of public convenience and necessity, the same as in the instant case. It follows that under present statutory provisions a party conceiving himself aggrieved by a holding of the Michigan public utilities commission on questions of fact or questions of law, may have review by bill in equity in the circuit court of Ingham county; or if such party seeks review of questions of law only, he may (leave being first obtained) take an appeal in the nature of certiorari direct from the commission to the Supreme Court.

The order and decree of the circuit court dismissing plaintiffs' bill of complaint is vacated and the case remanded for further proceedings in accordance with law. Plaintiffs will have costs of this court.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.