STEWART *v.* ROYAL OAK TOWNSHIP CLERK

1. OFFICERS — UNCHARTERED TOWNSHIP — DEPUTY CLERK — LEGISLATIVE POWERS.

A deputy township clerk has statutory power to perform the duties of his principal without restriction and, in so doing, has legislative power and may sit as a voting member during a township board meeting should the township clerk be absent (CL 1948, § 41.69).

2. CONSTITUTIONAL LAW—DEPUTY TOWNSHIP CLERK—LEGISLATIVE POWER.

There is no substantive difference between the Constitution of 1908 and the Constitution of 1963 preventing the legislature from creating the office of deputy township clerk and granting its holder power to act in a legislative capacity; hence a statute so doing, enacted before 1963, remains valid after 1963 (Const 1908, art 8, §§ 17, 18; Const 1963, art 7, § 18; CL 1948, § 41.69).

3. OFFICERS—TOWNSHIP BOARD—DEPUTY CLERK—QUORUM.

Presence of deputy township clerk at township board meeting in the absence of township clerk *held* sufficient to make up a quorum for the purpose of appointing persons to fill vacancies on township board.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 52 Am Jur, Towns and Townships §§ 15, 19.
[2] 52 Am Jur, Towns and Townships §§ 22, 23.

. Appeal from Macomb, Farrell E. Roberts, J. presiding. Submitted Division 2 June 6, 1968, at Lansing. (Docket No. 4,653.) Decided March 24, 1969.

Complaint by Paul Stewart and Dan Tounsel against Nancy Lanier, Royal Oak Township Clerk, to compel defendant to administer oath of office. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Milton R. Henry,* for plaintiffs.

*Maurice A. Merritt,* for defendant.

BEFORE: LESINSKI, C. J., and R. B. BURNS and FENLON,* JJ.

FENLON, J. Royal Oak Township is an unchartered township situated in Oakland County, Michigan, organized under and pursuant to the Constitution and statutes of the State of Michigan.

Prior to October 20, 1966, the township board consisted of a supervisor, a treasurer, a clerk and four trustees. Having been convicted of infamous crimes, the treasurer and a trustee were removed from office. One of the vacancies, that of treasurer, was filled by the remaining township board's appointment of an acting treasurer.

The conflict causing this appeal developed at the October 20, 1966, regularly scheduled board meeting. A quorum was established by the presence of the supervisor, the acting treasurer and two trustees. The township clerk was absent from the meeting but had arranged to have her deputy clerk present,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ostensibly for the purpose of recording the minutes of the meeting.

During this meeting, 23 motions were made and unanimously carried, but when the 24th motion, a motion to fill existing vacancies on the board, was made and supported, the supervisor left the meeting. The subsequent vote taken, without the supervisor, was recorded as having passed with "3 yeas". The deputy clerk took no part in the proceedings other than to record the minutes.

The plaintiffs instituted action in the circuit court when the township clerk refused to administer the oath of office to them, or to certify that they had been duly appointed trustees to fill the vacancies. Defendant clerk gave as the reason for such refusal her belief that plaintiffs had not been duly appointed to fill the vacancies because of a lack of a quorum at the time of voting on the motion to appoint them.

The trial court ordered the issuance of a writ of mandamus, ordering the clerk to administer the required oath of office to plaintiffs and to certify their names as trustees to fill out the unexpired terms of the offices. Following this decision was much legal traffic including an emergency appeal to this Court and further proceedings below which eventually brought the case before us.

The sole issue presented here is whether or not a deputy township clerk, in an unchartered township, is vested with legislative powers.

In *Kennedy* v. *Van Buren County Drain Commissioner* (1916), 189 Mich 676, 678, the Court set forth the powers of the deputy clerk as follows:

"The office of deputy clerk is one authorized by the statute (CL 1897, § 2342), and unless his powers are limited by the statute, he may perform any act which his principal may perform. *Dorr* v. *Clark* (1859), 7 Mich 310; *Andres* v. *Ottawa Circuit Judge*

(1889), 77 Mich 85 (6 LRA 238); *Tower* v. *Welker* (1892), 93 Mich 332; *Yale State Bank* v. *Fletcher* (1913), 173 Mich 585.  It was doubtless well understood by the legislature that the township clerk could not always be at his office to serve the public in his official capacity, and by reason thereof, he was authorized to appoint a deputy clerk to act in his stead in order to expedite public business, *with no limitations on his powers to represent his principal.*  In view of this we must hold that the deputy clerk was qualified to sit as a member of the township board * * *." (Emphasis supplied.)

The statute quoted in *Kennedy* is presently designated as CL 1948, § 41.69 (Stat Ann 1961 Rev § 5.61), and provides for the appointment of a deputy who shall perform the duties of the township clerk. Clearly under statute and under the *Kennedy Case,* the deputy clerk is vested with legislative powers and may sit as a voting member of a township board in the absence of the township clerk.

Defendant, however, contends that the Constitution of 1963 makes inapplicable both § 41.69 and the *Kennedy Case.*  For the purpose of comparing the two constitutional provisions, the one in existence at the time of *Kennedy* and the one presently before this Court, we set forth both provisions as follows:

"*The legislature may by general law* confer upon organized townships such powers of a local, legislative and administrative character, not inconsistent with the provisions of this constitution, as it may deem proper." Const 1908, art 8, § 17.  (Emphasis supplied.)

"There shall be elected annually on the first Monday of April in each organized township one supervisor, one township clerk, one commissioner of highways, one township treasurer, not to exceed four constables and one overseer of highways for each highway district, *whose powers and duties shall be*

*prescribed by law."* (Emphasis supplied.) Const 1908, art 8, § 18.

"In each organized township there shall be elected for terms of not less than two nor more than four years as prescribed by law a supervisor, a clerk, a treasurer, and not to exceed four trustees, whose legislative and administrative powers and duties shall be provided by law." Const 1963, art 7, § 18.

Despite the change in constitutional language, we can see no substantive difference between the 1908 and 1963 Constitutions such as would prevent the legislature from creating the office of deputy clerk and granting its holder power to act on the township board in a legislative capacity. As such, the *Kennedy Case* is controlling in the instant case.

Affirmed. No costs, a public question being involved.

All concurred.