## HALL *vs.* THE PEOPLE.

Where, in proceedings against a person for usurping the office of School Moderator it appeared affirmatively that such person has been elected to the office, and it is sought to show his removal by the Board, *Held*, that the records of proceedings of such Board are not competent evidence without showing the official character of the Board or its members.

The complaint for the removal of a party from the office of Moderator referred to him as "of District No. *two*," while elsewhere through the proceedings the District is described as District No. 1. The information charged the accused with having taken upon himself to act as Moderator of District No. "*one*." *Held*, that since the proceedings for his removal indicate no other charge than that of falsely taking upon himself to act as Moderator of District No. 2, it must be assumed that it was on that charge that the Board proceeded to trial and judgment.

It is error to permit that to be shown by parol which the law requires to be perpetuated and shown by writing.

The statute authorizing a criminal prosecution for falsely taking upon one's self to act in an official character or capacity, was not intended to apply to a case where a party, in good faith and during a controversy as to his title, continued to act in the office to which he had been chosen.

Error to Calhoun Circuit.

*Opinion by* GRAVES, J.—Hall was charged with having falsely taken upon himself to act as Moderator of School District No. 1, of the township of Sheridan, and was convicted below. On the trial, the Prosecuting Attorney, having given evidence tending to show that Hall had been Moderator of the district, and that a movement was made to remove him from the office, sought to prove that the Township Board removed him, and that he thereafter assumed to act as though still in office. To show the removal, certain writings, purporting to be the record of the proceedings of the Board in the case were offered in evidence. Objection was made and the evidence was admitted.

*Held*, That as the Prosecuting Attorney had already submitted evidence tending to show that Hall had been made Moderator for a term covering the time when the acts of usurpation were alleged to have occurred, it was necessary to show that his official life had been legally cut off before these acts were done. These writings were relevant, but were not competent without proof of the official character of the Board or of its members. No evidence was given of such official character unless certain recitals in the papers themselves are

8—vol. 2.

to be considered.   These writings could not be the medium of proof of a fact upon which their very validity depends.   The admission of the papers was improper.

The complaint for Hall's removal was in the following terms :— " Complaint against Harry B. Hall, of District No. *two*, for illegal use of public money," while elsewhere through the proceedings the district is described as number "*one*."  The information charged Hall with taking upon himself to act as Moderator of District No. "*one*."

*Held*, That since the proceedings for Hall's removal indicate no other charge against him than that of falsely taking upon himself to act as Moderator of District No. 2, it must be assumed that it was on that charge that the Board proceeded to trial and judgment.  If such was the fact it was a fatal error in the proceedings—upon a charge against him as Moderator in one district he could not be tried as a delinquent officer in another, and convicted and ousted from office in the latter.

The Prosecuting Attorney, against objection, showed by a witness that the complaint as made, described Hall as Moderator of District No. 1.

*Held*, That this was erroneous, as an attempt to prove by parol a fact which was required to be perpetuated and shown by writing.

It was claimed that Hall was shown to have admitted his removal in a notice drawn by him in his assumed capacity of Moderator for a special meeting.

*Held*, That this notice, standing by itself, if it tended to prove anything, tended more strongly to prove that in fact, he continued in office than that he had been turned out.

*Held, further*, That the statute authorizing a criminal prosecution for falsely taking upon one's self to act in an official character or capacity was not intended to apply to a case where a party, in good faith and during a real controversy as to his title, continued to act in the office to which he had been chosen.  The theory of the Judge's charge to the jury was erroneous in this regard and tended to mislead.

The judgment below reversed and new trial ordered.