COWLEY *v.* SCHOOL DISTRICT NO. 3 OF HARRISVILLE TOWNSHIP.

1. SCHOOLS—DISTRICT BOARD—TEACHER'S CONTRACT.
    A school teacher can be employed only by the action of a district board at a meeting of the board. 2 Comp. Laws, § 4671.

2. SAME—RECORD OF MEETING—PAROL EVIDENCE.
    In an action by a school teacher to recover on a contract signed by two members of the district board, evidence to show that such contract was authorized by the action of the board, and that the record as made by the director is not true, is inadmissible.

Error to Alcona; Connine, J. Submitted November 20, 1901. (Docket No. 139.) Decided June 3, 1902.

*Assumpsit* by Lillian C. Cowley against school district No. 3 of Harrisville township for the breach of an alleged contract of hiring as teacher.   From a judgment for plaintiff, defendant brings error.   Reversed.

*O. H. Smith,* for appellant.

*Hall & Brockway,* for appellee.

HOOKER, C. J.   The plaintiff's action is brought to recover upon an alleged contract of hiring as a school teacher.   She produced a contract in writing, signed by two members of the school board as it existed at the date of the contract, and offered proof tending to show that she held herself in readiness to perform the contract on her part, but was prevented by the school board.   The defense relied on is that, although the contract bears the signatures of two of the members of the school board, they were not authorized to sign it by any action taken by the board at a meeting.   The contract bears date the 30th day of June.   Plaintiff applied for the school on May 11th, and on May 12th Mr. Ferguson, one of the members of the board, informed her that the board had decided to hire her, and Mr. Wilson, another member, intimated the same thing.   She stated that:

"They said that the board had a meeting, and that I was hired at that meeting by two members of the board. Mr. Ferguson told me that."

Mr. Briggs, the director, notified her to the contrary when informed of her claim.   The director, Briggs, produced the record of the district, and said that it contained a record of all the meetings for the year, both of the board and electors.   The following is an exemplification of the record of the meeting of May 11th:

"Meeting of the school board was called to order at 8 o'clock p. m., May 11th, 1900.   Present: Jas. Ferguson, De Witt Wilson, and C. C. Briggs.   After looking over the house, it was resolved that the school-room be papered

and painted, and Mr. Wilson was appointed a committee of one to have the same done in proper shape. The application of Miss Cowley for the next term of school was presented by Mr. Wilson, but no action was taken on the application.                          C. C. BRIGGS, Director."

The next meeting was on July 14th, and the following is a copy of the record:

"July 14, 1900. The school board of school district number three was called to order at 8 o'clock p. m. by the chairman. Full board was present. Application of Miss Lillian C. Cowley was presented, and voted upon: Effrick, no; Briggs, no; and Wilson, yes. The application of one Frederick was presented and voted upon: Effrick, yes; Briggs, yes; and Wilson, no. The director was instructed to draw a contract for Mr. Frederick for nine months' school at forty dollars per month. Moved by Mr. Briggs, and seconded by Mr. Wilson, that the director correspond with parties in regard to purchasing ten new desks. Moved by Mr. Briggs that Mr. Wilson be appointed a committee of one to get the school-house cleaned, and pay three dollars for same. Seconded by Mr. Briggs, and carried on motion. Board adjourned.
                          "C. C. BRIGGS, Director."

It will be observed that Ferguson was no longer a member of the board, having been succeeded by Effrick, who was elected at the annual meeting held on July 9th. The plaintiff sought to show that the statement in the record of May 11th, that no action was taken upon her application, was not correct, and that at such meeting two members—*i. e.*, Wilson and Ferguson—expressed themselves as favoring her employment. Ferguson testified that they talked the subject over at the meeting, and those two agreed to hire her, and that Briggs, the director, said that "if we hired her he would have to sign the contract,—something to that effect,"—and that the record mentioned was not true. Briggs states that the record was written up correctly the next day. The plaintiff recovered, and defendant has appealed.

Counsel for the appellant states that the questions in the case are two:

"1. Can the record of the school board, made in considering the applications for hiring teachers, be contradicted?

"2. Is it necessary that the official action of the school board in hiring a teacher, taken at a regular meeting, be in the form of a vote or resolution?"

The statute (2 Comp. Laws, § 4671) provides:

"No act authorized to be done by the district board shall be valid unless voted at a meeting of the board. A majority of the members of the board at a meeting thereof shall be necessary for the transaction of business."

It has been explicitly held that a teacher could not be legally employed without official action as required by statute. *Hazen* v. *Lerche*, 47 Mich. 626 (11 N. W. 413). The record of the proceedings of the meeting, kept by the director, states that "the application of Miss Cowley for the next term of school was presented by Mr. Wilson, but no action was taken on the application." Parol proof was not competent to contradict the record in this proceeding. See 20 Am. & Eng. Enc. Law (1st Ed.), 511, and cases cited; *Hall* v. *People*, 21 Mich. 462; *Stevenson* v. *Bay City*, 26 Mich. 44; *Ten Eyck* v. *Railroad Co.*, 74 Mich. 232 (41 N. W. 905, 3 L. R. A. 378, 16 Am. St. Rep. 633); *Ludington Water-Supply Co.* v. *City of Ludington*, 119 Mich. 487 (78 N. W. 558); *Sweet* v. *Gibson*, 123 Mich. 701 (83 N. W. 407).

The judgment is reversed, and a new trial ordered.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.