TAVENER v. ELK RAPIDS RURAL AGRICULTURAL
SCHOOL DISTRICT.

1. SCHOOLS AND SCHOOL DISTRICTS—BOARD MEETINGS—OFFICIAL
RECORDS—CONTRACT WITH ARCHITECT—PAROL EVIDENCE.
The official record of a school board meeting at which a contract
for architect's services was considered may not be varied by
parol.

2. SAME—BOARD MEETINGS—DISPUTE AS TO ARCHITECT'S CLAIM—
CONTRACTS.
The fact that there may have been a dispute at a school board
meeting as to architect's claim for services rendered shown
by the official record of the meeting does not necessarily pre-
clude the existence of a definite contract as to the amount
which he sought.

3. SAME—BOARD MEETINGS—OFFICIAL MINUTES—APPROVAL OF AR-
CHITECT'S PLANS.
The official minutes of a school board meeting, showing approv-
al of plans for a school structure, cannot be impugned by any
mental reservations of any of the members of the school board.

4. SAME—BOARD MEETINGS—OFFICIAL MINUTES AND RESOLUTIONS.
A school district speaks only through the official minutes and
resolutions of its school board.

5. SAME—BOARD MEETING—OFFICIAL MINUTES—PAROL EVIDENCE.
The import of official minutes of a meeting of a school board,
required to be made by statute, cannot be altered or sup-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 47 Am Jur, Schools § 39.
[2] 47 Am Jur, Schools §§ 38, 39.
[3, 4] 47 Am Jur, Schools § 40.
[4] Necessity, sufficiency, and effect of minutes or record of meeting
of school board. 12 ALR 235.
[6] 53 Am Jur, Trial § 167.
[7, 8] See, generally, 47 Am Jur, Schools § 48.
[9] 3 Am Jur, Appeal and Error § 883; and see, generally, 58 Am
Jur, Witnesses §§ 214–217.

plemented by parol testimony (CL 1948, §§ 15.15, 15.437, 15.439).

6. TRIAL—EVIDENCE—QUESTION FOR JURY.

A jury question exists when the competent testimony on an issue is conflicting and presents a question upon which reasonable minds might differ, but a jury verdict is conclusive on the Supreme Court only when there has been no error in submitting the issue to the jury.

7. SCHOOLS AND SCHOOL DISTRICTS—ARCHITECT'S SERVICES—EVIDENCE—ESTIMATES FOR CONSTRUCTION.

Evidence in action to recover for balance due on architect's claim for services rendered defendant school district *held,* to have entitled him as a matter of law to commission based on lowest estimate for construction of entire school project rather than on another figure which was either the amount of a predecessor architect's estimate of cost or the amount of expenditure which the board was presently willing to undertake for part of the project, where plans for entire project were required by Federal loaning agency and were ordered and accepted by the board.

8. SAME—ARCHITECT'S SERVICES—RECORD.

Judgment for plaintiff, as legal representative of estate of deceased architect, is ordered for balance of claim due from defendant school district as of date of last payment made with interest, the percentage fee to be based on estimated cost of entire project, some units of which are to be built in the future, where record shows plaintiff entitled to such sum as a matter of law.

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ADMISSIBILITY OF EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Question of admissibility under so-called dead man's statute of testimony of a school board member in action by legal representative of estate of architect for balance due for services he had rendered school district is not determined, where, even if it were admissible, it could not contradict recorded resolutions and minutes of the board (CL 1948, § 617.65).

Appeal from Antrim; Campbell (Howard L.), J., presiding. Submitted October 14, 1954. (Docket No. 57, Calendar No. 46,184.) Decided November 29, 1954.

Assumpsit by Caryl C. Tavener, administrator of the estate of Ralph L. Bauer, deceased, against Elk Rapids Rural Agricultural School District, for architect's fees. Verdict and judgment for plaintiff on basis of percentage of lesser amount estimated as building cost. Plaintiff appeals. Reversed and remanded for entry of judgment in greater sum claimed.

*Murchie, Calcutt & Griffin,* for plaintiff.

*Harry T. Running* and *James R. Zerafa,* for defendant.

BUTZEL, C. J. The 71-year-old school building of the defendant Elk Rapids Rural Agricultural School District was badly overcrowded and in poor physical condition. Modern and expanded facilities were required to meet the growing educational needs of the community. The pressing situation was considered by the governing body of the defendant, hereinafter referred to as the board, and prior to 1947 it retained an architect to draft plans and specifications for a new school-building project. However, his plan calling for an outlay of some $215,000 did not fit within the defendant's budget. When the board considered how much of the $215,000 plan could be built within its budget it decided that the plan, consisting in part of a 2-story building, was impractical and proportionately too expensive. The testimony further indicates this plan would have cost $600,000 rather than $215,000. The board decided not to proceed any further with this architect. During his tenure because of the inadequate financial position of the defendant, the board applied to both the State and Federal governments for advances to pay the cost of plans and specifications for the proposed project. They did so on the basis of $215,000, the

figure given them by the architect as the cost of his plan.

Subsequently in January of 1947, Ralph L. Bauer, a duly licensed architect was retained by the board. He drew the plans and specifications hereinafter referred to. His bill for services was never fully paid and after his death Caryl C. Tavener, successor administrator *cum testamento annexo* of the estate of Ralph L. Bauer and plaintiff herein, brought suit for payment of the balance claimed to be due.

There is no dispute but it seems to be conceded· that Bauer was to be paid 4% of the estimated cost of construction for such plans and specifications as he was authorized to draw. The controversy, as presented, concerns rather the figure to be used as the estimated cost of construction of the plans and specifications he was authorized to prepare.

Defendant required an integrated school project including grade, junior and senior high school, gymnasium and auditorium units. Bauer was authorized to draw preliminary sketches for the entire project. However, since defendant's financial position did not enable it to construct the entire project in the near future, Bauer was authorized to draw working plans for only 1 or 2 units from the approved preliminary sketches of the entire project. The advantage of Bauer's plan over that of his predecessor was that it was readily adaptable to piecemeal or unit type construction. Throughout this period at board meetings and through correspondence it is apparent the parties were aware that the cost of constructing the entire project was between $500,000 and $600,000, but knew defendant could not construct it all immediately. There was considerable discussion about various ways and means, taxes and bond issues, by which defendant could finance the project.

As it had previously done the board again invoked State and Federal aid to pay for the preparation of

these plans. The record indicates that this time State aid was obtained on the basis of a $560,000 estimated cost of construction figure rather than the $215,000 figure previously utilized. The application for Federal aid originally filed *prior* to the retention of Bauer listed $215,000 as the cost of construction and noted that the application covered the cost of construction of the entire project. The testimony indicated that this $215,000 was the prior architect's figure. Bauer's contemplated working plans for part of the project were sent to the appropriate Federal and State agencies. However, on December 28, 1948, the Federal works agency, bureau of community facilities, by letter advised the defendant that before further Federal aid would be forthcoming the defendant must submit complete plans and specifications for the entire project by March 31, 1949. At a special meeting of the board held on January 4, 1949, this letter was read to the board, which then passed a motion as shown by the official record of defendant, that:

"Architect Ralph Bauer be instructed to complete plans and specifications for new school building and facilities and that we notify the Federal works agency of our intention to so complete and file plans by March 31, 1949."

The testimony of a board member present at this meeting indicates that the board discussed the percentage of the entire project which they could actually build in the near future; that even if the plans and specifications were not presently utilized in their entirety, they would always be available; and that the board was aware that the approximate overall cost of the entire project was in the vicinity of $550,000.

Bauer with his entire office force proceeded in accordance with the resolution to prepare plans and

specifications for the entire project, and at a meeting March 28, 1949, he exhibited the almost-completed plans to the board which approved and accepted them by unanimous resolution. After estimating the cost of the entire project Bauer appeared at a board meeting and stated that $550,000 would be a fair figure on which to base his 4% commission. At that particular meeting and also at a later one, as hereinafter set forth, no action was taken for payments to Bauer.

Subsequently Bauer died and the administrator of Bauer's estate, prior to the plaintiff, stated to the board that a fair figure upon which to base his decedent's compensation would be $455,204.75. This was the lowest estimate obtained for construction in accordance with the plans and specifications. The plaintiff, Bauer's present administrator, on the basis of this figure seeks recovery on that amount solely on the 4% contract. The *quantum meruit* count in his declaration was withdrawn.

Defendant claims that Bauer is entitled to 4% of $215,000 but not of $455,204.75. As there had been paid to Bauer on account from time to time the sum of $8,218.50, the balance due, according to plaintiff, is $9,989.69 plus interest. The sole question in this case is which figure, $215,000 or $455,204.75, represents the estimated cost of construction upon which the 4% should be based. The jury brought in a verdict in the amount of 4% of $215,000 less amounts already paid, judgment being entered for plaintiff for $381.50. Motions of plaintiff for directed verdict for the full amount and also for judgment notwithstanding the verdict and new trial being denied, plaintiff has appealed.

At the trial plaintiff provided as witnesses among others 3 former members of the board while defendant offered the testimony of 2 board members, one of whom was Vern L. Barnes. Plaintiff's wit-

nesses testified that the $550,000 figure, representing the cost of the entire project, was continually before the board in their deliberations; that the figure was used as a basis for securing governmental aid; that the $215,000 figure was not Bauer's figure but was based upon the prior architect's cost estimate and did not include all of the construction necessary in the entire project; and that the board was planning for the future as well as the present. In addition plaintiff introduced a number of exhibits consisting of board minutes, correspondence, et cetera, to substantiate his claim. On the other hand board member Barnes testified that he did not remember any discussion of the $550,000 figure until some time after plans had been approved and that he was under the impression that the total cost was to be $215,000. Barnes, however, admitted that Bauer was authorized to proceed to complete the working plans and specifications for the entire project, but testified that on March 28, 1949, when the board by resolution (which he seconded) approved and accepted the plans for the entire project, they did so "with reservations." No "reservations" appear in the resolution as set forth in the minutes of the meeting and plaintiff objected to this statement as varying the terms of the official records of the board. What was meant by "with reservations" was not elaborated upon, the trial judge ruling first that the testimony was a deviation of or modification of the recorded resolution and this was not permissible. The judge finally allowed the statement to stand.

Further official records of the board indicate that Bauer appeared twice before the board in regard to his fee after the complete plans and specifications had been submitted to and approved by the board and the Federal authority. The records further show that the board and Bauer failed to agree on the amount of his fee. Defendant argues that this pre-

cludes plaintiff from introducing testimony which tended to show that the board members considered $550,000 as the estimated cost of the entire project because such testimony contradicts the official board record showing disagreement. While we agree that the record should not be varied by parol, these records merely show that Bauer's claim was disputed and that no decisive action was taken but was postponed to see whether a satisfactory adjustment could not be reached. It does not necessarily follow that, because defendant disputed Bauer's claim, there did not exist a definite contract as to the amount which he asked.

By the same token the minutes of March 28, 1949, showing the plans were approved, cannot be impugned by any mental reservations that Barnes or anyone else had. The resolution speaks for itself. On the strength of this approval of plans for the entire project the defendant obtained money from the Federal works agency. Defendant speaks only through its minutes and resolutions. We have repeatedly held that where records are required to be kept, as they are by the defendant pursuant to CL 1948, §§ 342.15, 355.1, 355.3 (Stat Ann 1953 Rev §§ 15.15, 15.437, 15.439), their import cannot be altered or supplemented by parol testimony. In *Alcona County* v. *Alcona Probate Judge,* 311 Mich 131, 142, and *Derosia* v. *Loree,* 158 Mich 64, 73, we quoted with approval from *Stevenson* v. *Bay City,* 26 Mich 44, 45, where we said:

"When the law requires municipal bodies to keep records of their official action in the legislative business conducted at their meetings, the whole policy of the law would be defeated if they could rest partly in writing and partly in parol, and the true official history of their acts would perish with the living witnesses, or fluctuate with their conflicting memories. No authority was found, and we think none ought to

be, which would permit official records to be received as either partial or uncertain memorials. That which is not established by the written records, fairly construed, cannot be shown to vary them. They are intended to serve as perpetual evidence, and no unwritten proofs can have this permanence."

See, also, *Cowley* v. *School District No. 3 of Harrisville Township,* 130 Mich. 634.

The testimony and records evidence that Bauer proceeded in accordance with his authorization and submitted plans and specifications for the entire project and was entitled to 4% of the estimated cost of construction.

The trial judge seemed inclined to uphold plaintiff's contentions but concluded that there was a question of fact as to what was the estimated cost, and submitted the case to the jury.

As we have hereinbefore noted, Barnes' testimony as to the "reservations" accompanying the resolution approving the plans should have been excluded. Defendant contends that evidence in the record other than Barnes' testimony conflicts with that of plaintiff's witnesses and therefore presents an issue of fact for the jury to decide. However, the state of the record is such that one can only conclude that the $215,000 figure was the prior architect's figure and that it did not have a thing to do with Bauer except insofar as he suggested how portions of the entire project could come within it. The record is devoid of proof that the estimated total cost of Bauer's project was $215,000. It is evident that in fact this figure represented either that portion of an entire school project which the board felt was presently economically feasible, or the prior architect's estimated cost of *his* plan. But such a figure becomes irrelevant in the face of defendant's authorization of plans and specifications for the entire project.

Bauer was an architect. His compensation was to be determined on the basis of the plans and specifications which he drew, not on the basis of what use, if any, the defendant made of them.

There exists a jury question when the competent testimony is conflicting and presents a question upon which reasonable minds might differ. See *Cochran* v. *Pinto,* 333 Mich 91. However a jury verdict is conclusive on this Court only when there has been no error in submitting the issue to it. See *Sweeney* v. *Adam Groth Co.,* 269 Mich 436; *Balogh* v. *Supreme Forest Woodmen Circle,* 284 Mich 700. Even considering all of Barnes' testimony, as well as documents and other testimony allegedly substantiating defendant's claims, in a light most favorable to it, the record does not permit us to conclude that reasonable minds could differ as to the amount upon which the 4% was to be based. Accordingly the judge should have directed a verdict for plaintiff for $9,989.69, together with interest from June 18, 1950, as prayed for in plaintiff's declaration as amended in open court.

Plaintiff invokes the "dead man's statute"* to exclude Barnes' testimony even though other board members had testified on behalf of the plaintiff. The judge ruled that plaintiff had waived the protection of the statute by so doing. Plaintiff then claims that the "dead man's statute" precludes a member of the board from testifying even though he had no personal financial interest in the case. In view of our decision that even if Barnes' testimony was admissible, it cannot contradict the recorded resolutions and minutes of the board and does not establish $215,000 as the estimated cost, we need not pass upon the question of its admissibility. The judge should have

---

* CL 1948, § 617.65 (Stat Ann § 27.914).

directed a verdict for the full amount as claimed by plaintiff.

The judgment of the lower court is reversed and the case remanded to the trial court to enter judgment as claimed by plaintiff. Plaintiff will recover costs.

CARR, BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.