## PALLADIUM PUBLISHING COMPANY v RIVER VALLEY SCHOOL DISTRICT

Docket No. 57846. Submitted February 3, 1982, at Grand Rapids.— Decided April 22, 1982. Leave to appeal applied for.

The River Valley School District Board of Education suspended certain students at a special meeting. At the request of the parents of these students, the board first held a closed session to discuss the matter. Following the closed session, the board reconvened in open session and suspended six students for alleged drug related activities on school property. The students were not identified by name but rather were identified by student number. The Palladium Publishing Company, publisher of the Herald-Palladium, a newspaper of general circulation in Berrien County, requested the names of the suspended students. The request was denied. Palladium filed suit in Berrien Circuit Court against the school district and the school board seeking to have the court declare that the actions of the board were in violation of the constitutional right of freedom of the press and of the statutory rights under the Open Meetings Act and enjoin the board from the present and future violations of these rights. The Michigan Press Association was permitted to appear as amicus curiae. The defendants moved for summary judgment on the basis that the information requested was exempt from disclosure. Julian E. Hughes, J., held that, while there was no abridgment of the constitutional right to freedom of the press, the action of the board was in violation of the Open Meetings Act. An injunction as to all future violations was issued. Defendants appeal. *Held:*

1. The trial court correctly held that the withholding of the students' names did not constitute a violation of the constitutional right to freedom of the press, the press having no greater

[1] 16A Am Jur 2d, Constitutional Law § 506.

[2] 68 Am Jur 2d, Schools §§ 46-48.

[3, 4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 161.

68 Am Jur 2d, Schools §§ 242, 260, 269.

right to obtain public information than that of the general public.

2. The duty of a school board to act through its minutes coupled with the provisions of the Open Meetings Act mandate that the minutes of a school board identify any student suspended by board action by name rather than student number. The Michigan Freedom of Information Act does not prevent the disclosure of this information.

Affirmed.

1. CONSTITUTIONAL LAW — FREEDOM OF THE PRESS.

The press has no constitutional right to obtain public information superior to that of the general public.

2. SCHOOLS — BOARD OF EDUCATION — MINUTES OF MEETINGS — PAROL EVIDENCE.

Boards of education act through their minutes; the board's minutes cannot be altered or supplemented by parol testimony.

3. SCHOOLS — BOARD OF EDUCATION — EXPULSION OF STUDENTS — OPEN MEETINGS ACT.

The provisions of the Open Meetings Act mandate that, where a board of education acts to expel a student from school, the board's action be at a meeting open to the public and the minutes of that meeting identify the student by name rather than by student number (MCL 15.261 *et seq.;* MSA 4.1800[11] *et seq.).*

4. SCHOOLS — BOARD OF EDUCATION — SUSPENSIONS OF STUDENTS — FREEDOM OF INFORMATION ACT.

The name of a student suspended by the action of a board of education is not information exempt from disclosure under the Michigan Freedom of Information Act (MCL 15.243; MSA 4.1801[13]).

*Spelman, Taglia, Meek, Lagoni, Burdick & Sauer* (by *Paul A. Taglia* and *Michael L. Metzger),* for plaintiff.

*Thrun, Maatsch & Nordberg, P.C.* (by *Thomas J. Nordberg, Michael A. Schelbach* and *Patrick B. Mooney),* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

R. B. Burns, J. This case arises out of defendants' refusal to disclose the names of certain students suspended at a meeting of the board of education. The trial court granted a summary judgment in favor of plaintiff. Defendant appeals and we affirm.

Plaintiff publishes a newspaper of general circulation in Berrien County. Defendant school district is a third-class school district located in Berrien County. Defendant board of education is a municipal body corporate or a quasi-corporate public body and is the governing body of the River Valley School District. Defendant board is a public body within the meaning of the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.*

On November 17, 1980, a special meeting of the River Valley Board of Education was held. The meeting was open to the public. At the request of the parents of six students, the board met in a closed session to discuss and consider the possible suspension of the students. At the conclusion of the closed session the board reconvened in open session and adopted three resolutions suspending the six students from the school for alleged drug related activities on school property. The students were not identified by name during the open session of the meeting, but were identified by their student numbers.

Plaintiff requested the names of the students and defendants denied the request. Plaintiff filed suit in circuit court asking the court to declare that defendants were in violation of the Open Meetings Act and to enjoin their present and future noncompliance with the act.

The circuit court held:

"That there is no constitutional right of the press as

such involved, but that the Open Meetings Act interpreted in reference to the law as it now stands, requires the naming of a suspended or expelled student at the meeting and in the board's minutes when such student is expelled or suspended by action of a board of education."

We agree with the trial court's opinion that the constitutional claim of the plaintiff is without merit. So far as the obtaining of public information, the press stands in exactly the same position as the public at large. *Pell v Procunier,* 417 US 817; 94 S Ct 2800; 41 L Ed 2d 495 (1974).

MCL 15.263(2); MSA 4.1800(13)(2) states: "All decisions of a public body shall be made at a meeting open to the public."

There are no reported Michigan cases on point. The Attorney General has issued an opinion, OAG, 1979-1980, No 5632, p 563 (January 24, 1980), wherein he held that minutes of a board of education expelling a student from school must list the student's name and a copy of the unedited minutes must be furnished to the public upon request.

Boards of education act only through their minutes. *Tavener v Elk Rapids Rural Agricultural School Dist,* 341 Mich 244; 67 NW2d 136 (1954). The minutes cannot be altered or supplemented by parol testimony. *Cowley v School Dist No 3 of Harrisville Twp,* 130 Mich 634; 90 NW 68 (1902).

It must follow that in order for the board of education to act upon the suspension of a student, the minutes of the board of education meeting must contain the student's name. The facts cannot be hidden by using the student's number.

MCL 15.243(1)(a); MSA 4.1801(13)(1)(a) restricts public disclosure of information which constitutes a clearly unwarranted invasion of an individual's

privacy. However, in the same statute, MCL 15.243(2); MSA 4.1801(13)(2) states:

"This act shall not authorize the withholding of information otherwise required by law to be made available to the public, or to a party in a contested case under Act No. 306 of the Public Acts of 1969, as amended."

The circuit judge also ruled:

"Both sides presented this case to this court as a so-called 'test case'. The reason for such a case is normally not to resolve a particular dispute as such, but to provide guidelines for future action. In a sense, it is declaratory in nature. This court assumes that this be true in the matter at bar. Therefore, any injunction issued by this court will be limited to future violations of the OPA *[sic]* regarding meetings involving the suspension or expulsion of students."

The plaintiff did not cross-appeal or contest the ruling.

The circuit judge is affirmed.